## Commonwealth v. Valerino

*Charles C. Gordon,* for Commonwealth.
*Thomas E. Cogan,* for defendant.

BROWN, JR., J., April 20, 1938.—This case is before me upon a petition for a writ of coram nobis.

The writ of coram nobis is a common law writ, the purpose of which is to correct a judgment in the same court in which it was rendered. In Pennsylvania it has

not been abolished by statute nor has it become obsolete; it is still available. It was used by the Court of Quarter Sessions of Philadelphia County in Commonwealth ex rel. Cohen v. Smith, February Sessions, 1928, Nos. 446 to 450, to discharge defendant, who had been convicted because of mistaken identity, after the expiration of the term in which sentence had been imposed. In the case of Commonwealth v. Capone, May Sessions, 1929, No. 610, the writ was entertained, although the evidence in support of it was adjudged insufficient to warrant relief. See 3 Temple Law Quarterly, 365, 407, 408. Again, in Commonwealth ex rel. v. Ashe, 28 D. & C. 573, upon such a writ, judgment on the verdict and the sentence of defendant thereon was revoked and annulled after the expiration of the term.

The writ is brought for an alleged error of fact not appearing on the record and lies to the same court which rendered the judgment in order that that court may correct the error which it is presumed would not have been committed had the fact in the first instance been brought to the court's notice. Its purpose is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. It may be resorted to in a criminal case where no other form of judicial relief exists: 2 R. C. L. 305 and 307.

The writ is used to bring before the court a judgment previously rendered by it for the purpose of review or modification on account of some error of fact which does not appear upon the face of the record, but not on account of an error of law affecting the validity and regularity of the proceedings. It will lie where defendant desires to bring some new fact before the court which cannot be presented by motion for a new trial, appeal, or other existing statutory proceeding: 16 C. J. 1326, 1327.

In this case the term at which sentence, upon the verdict of guilty, was imposed, has expired, and so a motion for a new trial would be of no avail. As a sentence

is a final judgment, such a motion has no effect thereon. Of course, during the term when imposed, it may be vacated in order that a motion for a new trial may be heard, but after the expiration of the term it may not be set aside (Commonwealth v. Senauskas, 326 Pa. 69, 74), unless it be pursuant to a writ of coram nobis.

"The proceedings (under a writ of coram nobis), though used to correct a sentence in a criminal case, have been considered as civil in their nature and not criminal": 2 R. C. L. 307, and so, although the common-law power to set aside a judgment regular on its face ends at the expiration of the term at which it is entered, the court which enters the judgment still has jurisdiction over it by virtue of its equitable powers. See Commonwealth ex rel. v. Ashe, supra, 576, and cases therein cited.

The writ of coram nobis lies "to set aside a conviction obtained by duress or fraud, or where by some excusable mistake or ignorance of accused, and without negligence on his part, he has been deprived of a defense which he could have used at his trial, or where facts have been concealed at the trial which if known would have prevented a conviction": 16 C. J. 1326. The evidence presented at the hearing upon the petition for this writ shows that defendant had a valid defense which, without negligence upon his part, was not made at the trial, because, although he denied his guilt, he was not then able to prove who actually committed the crime. Had these facts been available before trial, he would not have been convicted, or if disclosed after his conviction and sentence, and before the expiration of the term, the sentence would have been vacated and a new trial granted.

It has been stated, however, that the writ "does not lie to correct an issue of fact which has been adjudicated, even though wrongly determined" (16 C. J. 1327), or "on the ground of newly discovered evidence" (33 A. L. R. 84). But this in effect nullifies the very purpose for which the writ is intended. Indeed, to so hold, would mean that

the writ does not exist. But, as pointed out above, it still exists and is available in this state in proper cases.

In the present case, the purpose of the writ is not to reëxamine and retry the issue joined upon the plea of not guilty, but to prevent a miscarriage of justice. It appears clearly not only from the testimony of the three persons, who, after the expiration of the term at which defendant was sentenced, were arrested, pleaded guilty, and have been sentenced for the commission of the same crimes, but also from the testimony of the prosecutor, on whose testimony defendant was convicted, that defendant did not participate in the crime. The prosecutor stated unequivocally that he was mistaken at the time when he gave his testimony which resulted in defendant's conviction; that he is now clear in his own mind (and so testified) that defendant was not one of the three persons who entered his place of business and robbed him, and these three persons, who were present in court at the hearing upon this petition, who were identified by him, were the ones who had done so. The writ, therefore, should be allowed, and the sentence revoked and set aside.

This conclusion is based upon the facts presented in this case, and it is not to be construed as indicating that in other cases where a defendant has been convicted after a fair and proper trial, and sentence imposed, he may, after the expiration of the term, seek the remedy herein granted merely because of the discovery of evidence which might have had some bearing upon the verdict if produced at the time of trial.

In view of the evidence produced at the hearing upon this petition, a new trial would serve no useful purpose, and, therefore, defendant should be discharged forthwith.

### Order

And now, April 20, 1938, after hearing in open court, a writ of coram nobis is allowed, the judgment on the verdict and the sentence of defendant thereon on March 15, 1938, is revoked and set aside, and defendant discharged.