Commonwealth *v.* Sablowsky, Appellant.
Commonwealth *v.* Sablowsky, Appellant.

Argued March 9, 1942.

232

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Albert Martin,* for appellant.

*Charles B. Jarrett,* Assistant District Attorney, with him *Russell H. Adams,* District Attorney, *Andrew L. Parks* and *Roy T. Clark,* for appellee.

OPINION BY STADTFELD, J., July 27, 1942:

The facts in these appeals are correctly set forth in the opinion of the court below, (PATTERSON, J.) from which we quote:

"This is an appeal from the action of the court of quarter sessions in refusing to allow defendant to withdraw his plea of guilty to a district attorney's bill charging bribery and corrupt solicitation and enter a plea of not guilty. The said defendant was also charged with bribery and corrupt solicitation at No. 436 May Sessions, 1940, and was charged with perjury at No. 437 May Sessions, 1940, all being district attorney's bills. After refusing defendant's petition to withdraw his pleas of guilty to all of said bills of indictment, sentence was imposed at No. 435 May Sessions, 1940, and the defendant sentenced to pay a fine of $500, costs of prosecution and undergo imprisonment at the Allegheny County Work House for a period of eight

months. Upon the other bills sentence was suspended by reason of the sentence imposed at No. 435 May Sessions, 1940. It is, therefore, the record at the last Number and Sessions referred to that we have primarily to consider.

"The record before us bears the following endorsement stamped upon the bill of indictment:

'May 14, 1940.
Court Room No. 1
Before MARSHALL, Judge
Jarrett, Trial A. D. A.
Al. Martin, Def. Counsel

I or We waive arraignment and plead guilty to indictment as returned.

(Signed) LEONARD SABLOWSKY

Record Verified by Bright, Minute Clerk.'

"On November 14, 1941, just one year and six months after entering the plea hereinbefore noted, and after a number of others charged with like offenses had been sentenced, an ex parte application by defendant for leave to withdraw his plea of guilty was filed. There had been no notice given to or service upon the District Attorney or the prosecutor. The Court dismissed the petition. On December 1, 1941, the application was renewed by the filing of a supplemental petition, served on the District Attorney, and answered by said respondent. The Court again dismissed the petition and imposed the sentence referred to. ......

"The charges against this defendant arose out of a vicious situation which had developed in the District Attorney's office in Allegheny County through the corruption of two bond clerks, both of whom were tried, found guilty and sentenced to prison. The bribery and corrupt solicitation charges grew out of defendant's payment to the two bond clerks involved certain sums of money with the design to unlawfully influence said clerks to accept and approve false, fictitious and worthless bonds with the defendant as surety for the ap-

pearance in court of certain other persons charged with operating a lottery. The charge of perjury is predicated upon the allegation that the defendant swore falsely to the number and amount of the bonds on which he was surety.

"Scrutiny of defendant's original petition discloses that the reason for such withdrawal as to the charge of perjury is that the oath as to the amount of surety was not administered by a Judge of the Court, but by the Clerk of Courts, and this is in violation of the Act of March 14, 1877, P. L. 3, Sec. 1, (17 PS Sec. 415.) ......As to the bribery charges it is contended that the matter was not a proceeding pending before the District Attorney and did not pertain to official duties of said bond clerks.

"In the supplemental petition defendant raises certain factual questions. He denies ever having appeared before the Alderman whose record shows information to have been made May 13, 1940, a hearing to have been held May 15, 1940, at which defendant is said to have pleaded guilty, and which information was returned and filed in the office of the Clerk of Courts May 15, 1940. It is further averred the pleas of guilty were entered on advice of counsel. The same counsel represented defendant then as represents him now, and the petition states that the pleas were entered under certain circumstances which should invalidate them, but the petition is adroitly worded, so that it is impossible to say by whom, if anyone, the circumstances were conceived other than in the mind of counsel. ...... The technical objections recited in the original petition are reiterated. It is likewise averred that the defendant had attempted to withdraw his pleas at divers times but was unable to find a judge willing to entertain such an application. ...... Defendant also contends that an assistant district attorney told counsel not to present his petition until all the 'so-called "Bond Scandal" ' cases were disposed of. This pleading also presents a some-

what anomalous aspect. In paragraph 4 defendant protests he is not guilty. In paragraph 5C he admits that the two accused bond clerks of the District Attorney's office had been paid by the petitioner various amounts ranging from $5 to $15 to 'expedite the execution' of bonds. If this is not the corruption of a public officer, despite the protestation of innocence, and whether a usual practice as is averred or not, we know of no other name or motive to assign to it. If it was a usual practice, it was nevertheless without legal sanction and is just plain bribery.

"We are of opinion that the technical objections to the indictments are without merit at this time. If any misapprehension of rights or misunderstanding of law existed, eighteen months provides more than ample opportunity to withdraw the plea and move to quash the indictment. Allowing the plea to stand as it did is certainly a waiver of the formal defects which cannot now be invoked in favor of withdrawal of the plea."

A motion to withdraw a plea of guilty and enter a plea of not guilty is addressed to the sound discretion of the court: *Com. ex rel. O'Neil v. Ashe, Warden,* 337 Pa. 230, 231, 10 A. 2d 404; *Com. v. Senauskas,* 326 Pa. 69, 73, 191 A. 167; *Com. v. Shawell, Com. v. England,* 325 Pa. 497, 508, 191 A. 17; *Com. v. DiPaul,* 122 Pa. Superior Ct. 53, 55, 184 A. 480.

The pleas of guilty having been entered by the defendants on the advice of their counsel, as also the admissions contained in petition and the length of time which elapsed from the time of entering the pleas until the presentation of the petition to withdraw the same, we believe that there was no abuse of discretion on the part of the court in refusing the petitions. For any court to lend its aid to relieve defendants under the admitted circumstances would be a travesty on justice.

Judgment affirmed in appeal No. 235 April Term

236

1942 and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal was made a supersedeas.

In the appeal at No. 234 April Term 1942 which was argued with the appeal at No. 235 April Term 1942, and in which the record is the same, the judgment is affirmed and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal was made a supersedeas.