Commonwealth ex rel. Sell, Appellant, *v.* Burke.

Submitted October 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Earlon S. Sell,* appellant, in propria persona.

*John W. Beyer,* District Attorney, for appellee.

PER CURIAM, December 29, 1953:

At a hearing on his petition for writ of habeas corpus, under the Act of May 25, 1951, P. L. 415, 12 PS §1901 et seq., relator requested the Court of Common Pleas of Lancaster County to dismiss his petition. The court made no order or decision from which an appeal could be taken. Relator's appeal to this Court will be dismissed.

Relator is presently confined in the Eastern State Penitentiary. He was sentenced to that institution on June 11, 1951, by the Court of Oyer and Terminer of Lancaster County, after he had been tried and convicted on two bills of indictment, each charging burglary and larceny. He was represented by counsel at his trial. Sentence on each bill was for a term of not less than five years nor more than ten years. The sentences were designated to be served consecutively and the effective date of the first sentence was at the expiration of service of the balance of the maximum sentence imposed by virtue of a former conviction from which relator had been paroled.

On January 22, 1953, relator filed a petition for writ of habeas corpus in the Court of Common Pleas of Lancaster County. A rule to show cause why the writ should not be issued was granted. An answer was filed to the petition by the Warden of the Eastern State Penitentiary. On February 10, 1953, a hearing was held, after ample notice, at which relator was present.

In his petition[1] relator requested that numerous witnesses, about 19 in number, be subpoenaed by the court. At the hearing the court suggested that relator testify on his own behalf but the relator refused to testify or present any evidence in the absence of those witnesses whom he had asked the court to subpoena. Thereupon relator requested the court to dismiss his petition. When the court again urged relator to testify in substantiation of his petition, relator stated: "I do not wish to have any further proceeding on my behalf and I request the court to dismiss the petition and remove myself from all future proceedings here. I wish to have the petition dismissed to present my case to the Appellate Court as soon as possible."

A relator who has been tried, convicted, and sentenced, and avers that he has been denied due process has the burden of affirmatively establishing circumstances constituting such a denial. *Com. ex rel. Gryger v. Burke,* 173 Pa. Superior Ct. 458, 471, 98 A. 2d 380. Relator failed to present proof in support of any allegation in his petition; and then he asked for its dismissal by the court. There is nothing before us for review on any appealable order.

Appeal is dismissed.

---

[1] Relator's petition is vague and largely incomprehensible. A writ of habeas corpus can issue only where the petition contains allegations which, if true, show relator's illegal detention. *Com. ex rel. Milewski v. Ashe,* 362 Pa. 48, 50, 66 A. 2d 281.