Commonwealth ex rel. La Tempa, Appellant, *v.*
Burke.

Submitted March 1, 1954. Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN,
JJ.

*John La Tempa,* appellant, in propria persona.

*William J. Kearney,* First Assistant District Attorney, and *Carlon M. O'Malley,* District Attorney, for appellee.

OPINION BY RHODES, P. J., July 13, 1954:

This is an appeal from an order of the Court of Common Pleas of Lackawanna County discharging a rule to show cause why a writ of habeas corpus should not be granted, refusing the writ, and remanding relator to the Eastern State Penitentiary.

Relator was indicted in the Court of Quarter Sessions of Lackawanna County upon charges of attempted extortion (section 806 of the Act of June 24, 1939, P. L. 872, 18 PS §4806), and blackmail (section 801 of the Act of June 24, 1939, P. L. 872, 18 PS §4801), at No. 87, February Sessions, 1952. He was indicted in the same court at No. 163, February Sessions, 1952, upon a charge of malicious mischief by explosives (section 917 of the Act of June 24, 1939, P. L. 872, 18 PS §4917). On February 4, 1952, he was brought before the court on the first indictment, and he entered a plea of guilty thereto. Although he was not represented by counsel at that time, the court advised him of his right to counsel, of his right to trial by jury, and of the nature of the charges against him. Relator admitted that he knew his rights, and said he understood his admission of the charges in the indictment. Sentence was deferred until February 8, 1952, when relator was brought before the court for sentence. By that time the jury panel for the term had been dismissed. Prior to sentence relator stated that he wished to withdraw his plea of guilty. The court denied the application and sentenced relator upon the attempted extortion count of the indictment to the Eastern State Penitentiary

for a term of not less than five years nor more than ten years. No sentence was imposed on the count charging blackmail.

On the same day relator entered a plea of guilty on the indictment at No. 163, February Sessions, 1952. The court again clearly explained to relator the nature of the charge against him, his right to trial by jury, and his right to be represented by counsel. Relator indicated that he fully understood these matters and stated that he still wished to enter a plea of guilty on this indictment charging malicious mischief by explosives. He was then sentenced to the Eastern State Penitentiary for a term of not less than five years nor more than ten years; the court directed that such sentence be served concurrently with the sentence imposed at No. 87, February Sessions, 1952.

On May 29, 1953, relator filed a petition for writ of habeas corpus in the Court of Common Pleas of Lackawanna County. Answers were filed by the District Attorney of Lackawanna County and the Warden of the Eastern State Penitentiary. A rule to show cause was issued. On July 15, 1953, a hearing was held at which relator was present. Counsel was appointed for him.

Although not distinctly set forth in his petition, relator's complaints may be summarized as follows: (1) That he was denied due process by reason of the fact he was not represented by counsel in the trial court; (2) that the sentence imposed on bill No. 87 was excessive; and (3) that the trial judge erred in refusing to permit him to withdraw his plea of guilty on bill No. 87.

At the habeas corpus hearing, notwithstanding the repeated requests of his counsel and the hearing judge, relator refused to testify in his own behalf. He presented no evidence whatsoever. His explanation for

such action was that he expected the Commonwealth's witnesses—presumably the original investigating state police officers—to be present, and that he wished to question them. He admitted that he had made no request or attempt to have such witnesses present at the hearing. After persisting in his refusal to testify in his own behalf unless "the other witnesses" were present, the court discharged the rule, dismissed the petition, and remanded relator to the penitentiary. The Commonwealth introduced the records pertaining to the arrest, information, indictment, and proceedings on the plea of guilty at No. 87, February Sessions, 1952, and at No. 163, February Sessions, 1952. Relator has appealed.

The order of the court below will be affirmed.

In a habeas corpus proceeding the relator has the burden of convincing the court of the truth of averments which establish that he is entitled to relief. *Com. ex rel. Martin v. Baldi,* 174 Pa. Superior Ct. 111, 114, 100 A. 2d 142. Our recent statement in *Com. ex rel. Johnson v. Burke,* 174 Pa. Superior Ct. 119, 123, 100 A. 2d 125, 127, is presently applicable: "Appellant was represented by counsel at the hearing before the lower court. He had full opportunity to introduce testimony in support of his allegations, but entirely failed to establish any basis for his release."

In *Com. ex rel. Sell v. Burke,* 174 Pa. Superior Ct. 233, 235, 101 A. 2d 415, 416, involving a somewhat similar situation, we said: "A relator who has been tried, convicted, and sentenced, and avers that he has been denied due process has the burden of affirmatively establishing circumstances constituting such a denial. Com. ex rel. Gryger v. Burke, 173 Pa. Superior Ct. 458, 471, 98 A. 2d 380. Relator failed to present proof in support of any allegation in his petition; . . ."

It is true, of course, that, where relevant factual issues are raised by a petition and answer in a habeas corpus proceeding, they must be resolved upon a hearing and by findings of fact based upon the evidence or the trial record. *Com. ex rel. Butler v. Claudy,* 171 Pa. Superior Ct. 573, 91 A. 2d 318; *Com. ex rel. Dote v. Burke,* 173 Pa. Superior Ct. 192, 96 A. 2d 151. Although relator in the present proceeding refused to offer any proof of his averments, there is no merit in any of the issues he sought to raise by his petition.

Except by implication relator's averment as to lack of counsel amounts to nothing more than an averment that counsel was not appointed for him. This is not an allegation of fact amounting to a denial of due process or denial of any constitutional right. *Com. ex rel. Hovis v. Ashe,* 165 Pa. Superior Ct. 30, 67 A. 2d 770. "To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. Foster v. Illinois, 332 U. S. 134, 137, 67 S. Ct. 1716, 91 L. Ed. 1955, 1958; Quicksall v. Michigan, 339 U. S. 660, 70 S. Ct. 910, 94 L. Ed. 1188": *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489, 491. See, also, *Com. ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 114, 91 A. 2d 913; *Com. ex rel. Swieczkowski v. Burke,* 173 Pa. Superior Ct. 363, 98 A. 2d 229; *Com. ex rel. Johnson v. Burke,* supra, 174 Pa. Superior Ct. 119, 100 A. 2d 125.

Moreover, the trial record clearly shows that relator understandingly waived the assistance of counsel.

Relator's contention that the sentence imposed on bill No. 87 was excessive was apparently based upon

a misapprehension that he had been sentenced on the count charging blackmail, the maximum imprisonment on conviction being three years (section 801 of the Act of June 24, 1939, P. L. 872, 18 PS §4801), whereas, in fact, he had been sentenced on the first count in the indictment charging attempted extortion (section 806 of the Act of June 24, 1939, P. L. 872, 18 PS §4806), the maximum imprisonment on conviction being fifteen years at separate or solitary confinement at labor.

Equally without merit as a ground for relief in this habeas corpus proceeding is relator's averment that the court should have permitted him to withdraw his plea of guilty. A motion to withdraw a plea of guilty and to be allowed to enter a plea of not guilty is addressed to the sound discretion of the court before which the plea is entered. *Com. v. Shawell,* 325 Pa. 497, 508, 191 A. 17; *Com. v. Sablowsky,* 150 Pa. Superior Ct. 231, 27 A. 2d 443, allocatur refused 150 Pa. Superior Ct. xxiii, certiorari denied 317 U. S. 695, 63 S. Ct. 436, 87 L. Ed. 556. No valid reason for withdrawal of the plea was presented to the court.

Following the refusal to allow relator to withdraw his plea of guilty to the charges in bill No. 87, relator, on the same day, entered a plea of guilty to the charge in bill No. 163 after a full hearing and a reiteration of his rights by the court as previously explained to him. Although asking for his discharge, relator has not questioned his sentence on bill No. 163, which, in any event, would preclude his release.

In his brief presented to this Court, relator alleges certain facts which were not averred in his petition and which were not established at the hearing. If such averments had any merit, which we do not infer, they should have been set forth in the petition and supported by testimony at the hearing.

The order is affirmed.