Commonwealth *v.* Turchetta, Appellant.

Argued September 12, 1960. Before GUNTHER, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., and WRIGHT, J., absent).

*Joseph G. Feldman,* with him *Merle K. Evey, Stephen M. Feldman,* and *Feldman & Feldman,* for appellant.

*Frank B. Warfel,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., November 16, 1960:

This is an appeal from the sentence of the court below made on January 12, 1960 on indictment R.D. 81 January Sessions, 1960, and an order of that court denying defendant's petition to withdraw his plea of guilty.

In his brief appellant's counsel states: "There are two indictments captioned R.D. 81, January Sessions, 1960, one charging Paul Strong and Alfred Turchetta with false pretenses and one charging Paul Strong and Alfred Turchetta with conspiracy." Paul Strong, who was tried separately, was acquitted of both charges by the jury on December 9, 1959.

Appellant now argues that he cannot be sentenced upon a conspiracy charge when his co-conspirator has been acquitted. We are in accord with this statement of the law. See *Com. v. Salerno*, 179 Pa. Superior Ct. 13, 116 A. 2d 87. The argument, however, does not apply to this case because the record shows that Turchetta was not sentenced upon the conspiracy charge but was sentenced upon the false pretenses charge. Furthermore, even if the sentence had been upon an indictment containing the two counts of conspiracy and false pretenses, since the sentence of 2½ to 5 years is within the statutory provisions for the charge of cheating by false pretenses it would be a valid sentence: Act of June 24, 1939, P. L. 872, §836, as amended, 18 PS §4836. A sentence is legal if it is warranted by any count in the indictment: *Com. ex rel. Tyson v. Day*, 181 Pa. Superior Ct. 259, 263, 124 A. 2d 426, certiorari denied 77 S. Ct. 862, 353 U. S. 951, 1 L. Ed. 2d 859.

It is clear that the decision to allow or disallow the withdrawal of a guilty plea lies within the discretion of the trial court and only where there has been a clear abuse of discretion will its action be reversed on appeal. We have so recently and clearly set forth the

law on this subject that a repetition is not called for. See *Com. v. Patch,* 98 Pa. Superior Ct. 464; *Com. v. DiPaul,* 122 Pa. Superior Ct. 53, 184 A. 480; *Com. v. Todd,* 186 Pa. Superior Ct. 272, 142 A. 2d 174.

Appellant's argument is based largely upon the fact that a jury had acquitted Strong, who was Turchetta's co-conspirator, of the crime of cheating by false pretenses. In that case the following facts were elicited: That on June 7, 1957 defendant Turchetta presented to Mr. Joy Fortney, assistant cashier of the First National Bank of Altoona, a chattel mortgage security agreement signed by Paul Strong and represented that Strong had purchased a 1956 Buick 4-door, hard top; that Mr. Fortney approved a loan and deposited $1,350.00 in the Turchetta Brothers account; that the files of the Bureau of Motor Vehicles at Harrisburg, on or about May 29, 1958 failed to reveal a transfer of the title of the automobile in question to Paul Strong. Paul Strong testified in his own defense that he had bought the 1956 Buick in question on June 7, 1957; that he had signed the necessary papers in blank for this purpose; that the automobile was left on Turchetta's lot for resale and the profit on the resale was to go to Strong; that Strong paid $800.00 to the bank on the loan; that Turchetta never changed the title to Strong's name because he did not think it was necessary since it would be easier to have the title there when the car was resold. The court below undoubtedly had knowledge of the facts and circumstances brought out in the Strong trial but, notwithstanding the acquittal of Strong, refused to permit Turchetta to withdraw his plea of guilty to the false pretenses charge. The court also had knowledge of many other facts and circumstances growing out of 27 other indictments to which Turchetta had plead guilty. The court knew, for example, that Henry Smith, assistant vice-president of the bank, testified that Paul

Strong, at a meeting early in January of 1958, had admitted that "he said that he had arranged for the loan through Mr. Turchetta so that Mr. Turchetta could buy a car. He said that he was promised $100.00 if he would do this. Mr. Turchetta promised to give him $100.00 if he would do this. He complained at the time that he had not received the $100.00. He also complained that he had had to make two payments on the account himself . . . which he was afraid he would also lose." Of course Strong did not testify this way at his trial. This involved a question of credibility between Strong, the defendant, and Smith, the assistant vice-president of the bank. The court also knew that in the trial of *Com. v. Steidle,* a transaction similar to the one against Turchetta, that Turchetta had misrepresented to the bank that a 1956 car had been sold to Steidle and on the basis of the purported sale the bank had delivered $1,900.00 to Turchetta. During the cross-examination of Turchetta as a defense witness in the Steidle trial, Turchetta testified as follows: "Q. Well, you weren't telling Mr. Smith the truth when you told him that Steidle had bought this 1956 Cadillac automobile, was it? That wasn't the truth, was it? A. No, that wasn't the truth. Q. No, that wasn't the truth, of course, it wasn't. And you got a check for $1900.00 based upon this untruth that you told Mr. Smith at the First National Bank. Isn't that correct? A. That is correct." In the *Steidle* case the jury rendered a verdict of guilty.

Also, at the time of sentence the court below was informed of the facts and circumstances of the numerous other charges of forgery, cheating by false pretenses and fraudulent conversion involving Turchetta. The court also knew that over $30,000.00 was obtained from the First National Bank of Altoona by Turchetta's manipulations.

Appellant also argues that his plea of guilty was entered in ignorance of the consequences of said plea and that the plea was induced by promise of leniency. It must be remembered that the defendant's counsel, a lawyer of recognized confidence and experience in criminal law, was present at all discussions and assisted and advised the defendant at every stage of the discussions and saw to it that the nature and gravity of each charge was explained to the defendant. The defendant had been a successful businessman and it might be assumed that he was a man of average intelligence. The first overtures toward the entry of pleas of guilty came from the defendant and his counsel. Mr. Park H. Loose, the district attorney, testified that when the first case involving the defendant and his co-defendant, Paul Strong, was called for trial on the morning of October 6, Mr. Jubelirer, defendant's counsel, stated that the defendant would not stand trial; that thereupon they went to the consultation room where the district attorney was informed that the defendant would not stand trial in any of the cases and that he would enter pleas of guilty to all the charges. Mr. Jubelirer testified that in the consultation room he urged the defendant to testify in the Strong case and to tell the truth, and to plead guilty in all of the cases, for the reason that he was convinced that the defendant did not have a good defense to the charges and that it was expedient that he enter pleas of guilty in order to lay the foundation for a strong plea of leniency at the time of sentence. He substantiated the testimony of the district attorney that the substance of each indictment was made known to the defendant before he signed it and that there were no inducements offered and no discussion of leniency by or with the district attorney.

Robert H. Haberstroh, attorney for the First National Bank of Altoona, also testified that there was no promise or discussion of leniency.

We agree with the court below that "defendant entered his pleas of guilty with full knowledge and understanding of each and every charge against him; that he also knew the consequences of so doing; that he was ably and wisely represented by one of the most experienced and astute lawyers in the state; that he had decided not to stand trial in any of the cases at the time the first case was called but to enter pleas of guilty to make weight for a subsequent plea of leniency; that the pleas were calculated risks taken advisedly after mature and thorough consideration of all of the circumstances. They were in no-wise induced or influenced by the district attorney. There was no promise of leniency, no threat, promise, inducement or duress."

In the case of *Com. v. Green,* 396 Pa. 137, 144, 151 A. 2d 241, our Supreme Court affirmed the refusal of the court below to permit the withdrawal of a plea of guilty where the ground alleged for such request was that counsel, after a conference with the judge, "drew the conclusion" that the defendant's sentence would be no greater than life imprisonment and that he so advised his client. In that case the Supreme Court, in an opinion written by Mr. Justice BENJAMIN R. JONES, said: "Such tactics have no place in the criminal law. As aptly stated by the Commonwealth, appellant now complains because of his 'attorney's mistaken foresight made clear by the cold realities of hindsight.' "

We find no abuse of discretion in the refusal of the court below to grant the prayer of the petitioner to withdraw his plea of guilty. As was so well said by Judge RHODES, now President Judge, in *Com. v. DiPaul,* supra, "It would be trifling with the administration of the criminal law to allow the defendant in this case to withdraw his plea of guilty." His lumped sentences of 5 to 10 years for crimes for which he

could have been sentenced to a maximum of something in excess of 100 years was extremely lenient treatment.

Judgment of sentence and order appealed from are affirmed.

WRIGHT, J., did not participate in the consideration or decision of this case.

WATKINS, J., dissents.