## Commonwealth ex rel. Mercer, Appellant, *v.* Banmiller.

412

Argued September 20, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Maxwell P. Gorson,* for appellant.

*William H. Wolf, Jr.,* Assistant District Attorney, with him *Domenick Vitullo,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 16, 1960:

The contentions of the prisoner in this habeas corpus case are of the kind that should be considered only by way of appeal.

In numerous habeas corpus cases, the courts of original jurisdiction and the appellate courts have passed upon the merits of contentions which could have been raised by appeal, and are, therefore, not properly before the courts in habeas corpus actions. This is another such case.

The prisoner contends in this case that the sentencing court abused its discretion in refusing to permit him to withdraw the pleas of guilty to the indictments upon which he was sentenced and is now serving time. This is a question which could have been raised by appeal from the sentences. *Commonwealth v. Senauskas,* 326 Pa. 69, 73, 74, 191 A. 167 (1937); *Commonwealth v. DiPaul,* 122 Pa. Superior Ct. 53, 184 A. 480 (1936); *Commonwealth v. Sablowsky,* 150 Pa. Superior Ct. 231, 27 A. 2d 443 (1942); *Commonwealth v. Turchetta,* 193 Pa. Superior Ct. 376, 165 A. 2d 118 (1960). It is not properly before us by petition for writ of habeas corpus. *Commonwealth ex rel. Wilson v. Banmiller,* 393 Pa. 530, 532, 143 A. 2d 657 (1958); *Commonwealth ex rel. Kennedy v. Myers,* 393 Pa. 535, 537, 143 A. 2d 660 (1958). This is true even though the courts in habeas corpus cases frequently pass upon questions which should be raised only by way of appeal.

An exception to the general rule that a writ of habeas corpus is not a substitute for appeal exists if it appears that the prisoner was denied due process. *Commonwealth ex rel. Wilson v. Banmiller,* supra, p. 532; *Brown v. Allen,* 344 U. S. 443 (1953). As "due process" is a concept which does not lend itself to precise definition, almost every conceivable contention is made in its name. This accounts for the courts' consideration of all kinds of frivolous contentions presented in petitions for writs of habeas corpus which the relators attempt to clothe in the robe of "due process."

There was no lack of due process here. The relator was one of 12 defendants accused on a total of 44 bills of indictment charging a series of robberies. The relator was named in 11 of the bills. A nolle prosequi was entered on seven bills after the relator pleaded guilty on four bills. He was subsequently indicted on seven charges of receiving stolen goods to which he pleaded guilty, but on which no sentences were imposed.

The relator was ably represented by counsel at the preliminary hearing. He was ably represented by another lawyer when he entered his plea and was sentenced. One of his fellow robbers testified in detail at the preliminary hearing concerning the relator's connection with the robberies to which the relator subsequently pleaded guilty. The relator's counsel was present and actively participated in the hearing. There is nothing in the record of the criminal cases or the habeas corpus case to throw any doubt upon the relator's guilt.

He pleaded guilty on advice of counsel. He probably thought that the district attorney would recommend, and the court would impose, a shorter sentence. This, however, does not entitle him to a writ of habeas

corpus. Where an accused pleads guilty, relying on his attorney's opinion as to the probable Commonwealth recommendation or actual sentence, he will not be permitted later to withdraw his plea on the ground that he was ill advised. *Commonwealth v. Green,* 396 Pa. 137, 143, 144, 151 A. 2d 241 (1959).

This is not a case where a district attorney took advantage of the ignorance of an inexperienced defendant. This is a case where a person charged with a number of serious offenses was well represented throughout by experienced lawyers who were evidently doing their best for a client whose fellow criminals had confessed and involved him in numerous serious crimes.

Basically, the relator's contention is that the district attorney had indicated that he would recommend a one to ten year sentence if the defendant pleaded guilty, and instead, he recommended 5 to 10 year consecutive sentences on the four robbery charges. The trial judge imposed a combined 20 to 40 years sentence. Immediately prior to sentence, the defendant had requested permission to withdraw his pleas of guilty and had been denied permission to do so. This request was addressed to the sound discretion of the court before which the plea was entered. *Commonwealth ex rel. O'Niel v. Ashe,* 337 Pa. 230, 10 A. 2d 404 (1940); *Commonwealth v. Green,* 396 Pa. 137, 143, 144, 151 A. 2d 241 (1959); *Commonwealth v. Senauskas,* supra, 326 Pa. 69, 191 A. 167 (1937); Act of April 15, 1907, P.L. 62, 19 PS §241; *Commonwealth ex rel. Jackson v. Banmiller,* 190 Pa. Superior Ct. 564, 155 A. 2d 632 (1959) allocatur refused (190 Pa. Superior Ct. xxvii), certiorari denied (362 U. S. 971);[1] *Commonwealth ex*

---

[1] We have examined the opinion of the District Court of the United States for the Eastern District of Pennsylvania in the habeas corpus case of *United States of America ex rel. John Jack-*

*rel. LaTempa v. Burke,* 175 Pa. Superior Ct. 513, 518, 105 A. 2d 134 (1954) ; *Commonwealth v. Turchetta,* supra. There is nothing in this case to indicate any abuse of discretion.

The court below considered the contentions raised by the relator, and held that they were without merit. The facts of this case and the law which controls it were carefully and ably stated by President Judge SLOANE in a comprehensive opinion.

Affirmed.

---

*son v. Banmiller,* filed September 30, 1960, and are not convinced by the dicta contained therein that our holding in the above case was erroneous.