## Commonwealth ex rel. Tyson v. Meyers

*Calvin Tyson*, p.p.

*Sanford S. Marateck* and *H. F. Bonno*, for respondent.

TROUTMAN, J., May 7, 1962.—Petitioner, John Calvin Tyson, was tried and convicted to no. 1 September sessions, 1959, in the Court of Oyer and Terminer and General Jail Delivery of Northumberland County, of the crime of robbery by assault and force. He filed

motions for a new trial and in arrest of judgment which were refused and he was sentenced to a term of from four to eight years. He is now confined in the State Correctional Institution located at Graterford, Pennsylvania.

Following the sentence of the court, petitioner appealed to the Superior Court from the refusal of his motions in arrest of judgment and for a new trial and the judgment of this court was affirmed in an opinion filed March 22, 1961, and reported in 194 Pa. Superior Ct. 593.

In his petition for a writ of habeas corpus, petitioner contends that his conviction was obtained by the use of false and perjured testimony willfully and knowingly uttered by the prosecutor with the intent to deceive the trial court and jury; that the false and perjured testimony willfully and knowingly uttered by the investigating officer to corroborate the false and perjured testimony of the prosecutor perpetrated a fraud upon the court and that the false and perjured testimony used deprived petitioner of his constitutional right to a fair trial.

Upon receipt of the petition for the writ of habeas corpus, the court directed that the petition be filed and issued a rule thereon directing respondent to show cause why the writ of habeas corpus should not be granted. The court then appointed counsel for petitioner to represent him in this cause. Subsequently, an answer was filed by respondent and the matter was heard on April 30, 1962.

While the petition itself does not set forth the nature of the alleged false and perjured testimony, there is appended to the said petition what is called "brief in support of petition for habeas corpus" which sets forth the nature of the alleged false testimony. In his brief, petitioner alleges that the prosecutor, John Fisher, willfully perjured himself while under oath by repeat-

edly making the statement that he had picked only three men from the lineup held in the Northumberland County Prison and identified them as his assailants when as a matter of fact, he had picked four men during the course of the alleged lineup. The testimony that Fisher had picked four men in identifying his assailants was given by men who were in the lineup and produced on behalf of defendant and his co-defendant, Leon Shelbert, who was tried with him. The testimony shows that Fisher immediately identified petitioner as being one of his assailants but did have some difficulty in picking out Shelbert as the other assailant.

The petition does not set forth wherein Fisher perjured himself in giving the testimony which he did at the trial. He was cross-examined at length as to whether or not he hadn't picked out four men and he repeatedly denied that he did. The question of credibility was properly left to the jury under proper instructions which were affirmed by the decree of the Superior Court in the appeal taken by the present petitioner.

Petitioner contends that the police officer, Albert Baceski, likewise perjured himself in order to corroborate Fisher's perjured testimony. The petition does not specify wherein Baceski perjured himself except that his testimony was contrary to the testimony of witnesses called on behalf of defendant, who were inmates in the Northumberland County Prison at the time of the alleged identification.

Respondent, in his answer, requested the dismissal of the petition inasmuch as no grounds had been alleged in said petition which would warrant the issuance of a writ of habeas corpus. At the hearing, counsel for both petitioner and respondent admitted that there was no need to have petitioner personally appear inasmuch as it was a purely legal question involved under the allegations of the petition and answer.

A review of the record clearly indicates that all of the contentions made by petitioner are without merit. A writ of habeas corpus is not a substitute for an appeal or for a writ of error or for a motion for a new trial or for the correction of trial errors: Commonwealth ex rel. Murray v. Keenan, 186 Pa. Superior Ct. 107, 109. In Commonwealth ex rel. Nowakowski v. Maroney, 194 Pa. Superior Ct. 24, the court affirmed the order of the court below, dismissing the petition for a writ of habeas corpus, where it appeared that petitioner alleged that he was denied due process of law because he was convicted on perjured testimony on the part of one of the six Commonwealth witnesses called; because another Commonwealth witness talked with the jury at petitioner's trial and because the court-appointed counsel did not properly conduct his defense.

An exception to the general rule that a writ of habeas corpus is not a substitute for an appeal exists if it appears that the petitioner was denied due process of law: Commonwealth ex rel. Mercer v. Banmiller, 193 Pa. Superior Ct. 411.

The record discloses that petitioner was not denied due process. The alleged false testimony would affect, if anybody, his co-defendant, Leon Shelbert. The record of the trial as well as petitioner's own statement shows that the prosecutor immediately identified Tyson as one of his assailants without hesitation. Furthermore the petition sets forth no allegations which would even infer perjury on the part of the witnesses which he mentions in his petition. The most that he avers is that testimony on the part of witnesses called by him was contrary to the testimony of Fisher and Baceski. The question as to who was telling the truth was properly left to the jury. Petitioner was properly tried and convicted and his constitutional rights were adequately protected. The petition must be dismissed and the writ of habeas corpus denied.

*Order*

And now, to wit, May 7, 1962, the writ of habeas corpus is denied and the petition of John Calvin Tyson for the said writ of habeas corpus dismissed. Let an exception be noted for petitioner.