**UNITED STATES of America ex rel. Julius MERCER, Appellant,**

v.

**COMMONWEALTH OF PENNSYLVA- NIA, County of Philadelphia, William J. Banmiller, Superintendent, et al.**

**No. 13954.**

United States Court of Appeals Third Circuit.

Argued June 21, 1962.

Decided Nov. 15, 1962.

Maxwell P. Gorson, Philadelphia, Pa., for appellant.

John F. Hassett, Asst. Dist. Atty., Philadelphia, Pa. (Arlen Specter, Asst. Dist. Atty., Chief, Appeals Division, Paul M. Chalfin, First Asst. Dist. Atty., James C. Crumlish, Jr., Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GANEY and SMITH, Circuit Judges.

BIGGS, Chief Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Pennsylvania denying a petition for habeas corpus.

In August of 1957, eleven indictments for aggravated robbery were returned against the relator, Julius Mercer, and several other co-defendants. At his arraignment before the Court of Oyer and Terminer, Philadelphia County, on December 9, 1957, Mercer entered pleas of not guilty to seven of the indictments,

and pleas of guilty to the remaining four indictments. Upon the request of the Assistant District Attorney, the Court directed verdicts of not guilty as to the first seven indictments.[1]

At the trial of Mercer's co-defendants, testimony was presented to the effect that his car had been borrowed and used in the commission of the robberies, and that he had been paid for its use and had received a share of the proceeds.

On April 14, 1958, Mercer was brought before Judge Joseph Sloane for sentencing. The court opened this presentence hearing by inquiring as to the existence of testimony in the record of the trial of Mercer's co-defendants that would involve him in the robberies. Before any such testimony was read, Mercer's counsel, Malcolm Berkowitz, Esquire, stated to the court that he had advised Mercer to plead guilty on the basis of his, Berkowitz's, opinion as to the weight of the evidence which he, Berkowitz, believed to be available to the Commonwealth but that he had now been informed by Mercer that he wished to withdraw his guilty pleas.[2] Nonetheless Berkowitz made no actual request to withdraw the guilty pleas at this time.

The court once again inquired as to what evidence had been adduced at the trial of Mercer's co-defendants that would involve Mercer in the crimes. Robert Williams, Jr., Esquire, the Assistant District Attorney, then proceeded to read into the record an inculpatory statement of one co-defendant and asserted that it was "testimony" taken at the trial of the latter. In fact, it was not sworn testimony taken at a trial but a statement received by the police from the co-defendant. Mr. Berkowitz, Mercer's counsel, immediately pointed out to the Court that he did not recall any testimony such as that which the Assistant District Attorney had just read. Before argument on this point was further developed, the Court, apparently recalling Mr. Berkowitz's earlier remarks to the effect that Mercer wished to withdraw his guilty pleas, asked if Mercer in fact did now wish to change his pleas. Berkowitz in effect replied that if Mercer now wished to change his pleas it would be contrary to his, Berkowitz's advice. Mercer himself then requested or moved orally that he be permitted to "change" his pleas.[3] No reason for this request or argument in support of it was offered by Berkowitz or Mercer at this time and we cannot surmise the reason that it was made. The Court denied the request or oral motion.

Immediately after the denial of Mercer's own oral motion, Berkowitz directed the Court's attention to the reading of the "testimony" previously referred to into the record by the Assistant District Attorney and again voiced his objection to it, this time stating, "I do not recall that testimony." The Court replied, "I am taking Mr. Williams' word for it." Shortly thereafter, however, Berkowitz himself stated that there had been some testimony involving Mercer, although not that which the Assistant District Attorney had just read, and that it was to the effect that Mercer had in fact participated to some degree in the crimes, and that he, Berkowitz, believed Mercer to be an accessory both before and after the fact

---

1. The Assistant District Attorney stated that he did have evidence that Mercer had received stolen goods from six of the seven robberies alleged in these bills. Six indictments, each charging Mercer with receiving stolen goods, were returned, and pleas of guilty entered. As sentence on these bills was suspended, they do not now concern us.

2. "He [Mercer] informs me he wants to change his plea from guilty on the bills charging him with robbery to not guilty. At the time he pleaded guilty on De-

cember 9th [1957] I advised Mr. Mercer to plead guilty. I felt that the Commonwealth's case was such that he would be found guilty of those offenses, and I advised him to plead guilty and throw himself on the mercy of the Court, which he did."

3. "MR. BERKOWITZ: I had advised him to plead guilty, and since he isn't following my advice, he should speak for himself."
   "DEFENDANT MERCER: I want to change my plea, your Honor."

At the request of the Court, the Assistant District Attorney then presented the Commonwealth's recommendation for sentence. Mercer's attorney objected to the recommended sentence stating that it was "not the sentence that Mr. Williams had advised me he would recommend to the Court at the time I advised Mr. Mercer to plead guilty." Berkowitz then stressed the limited extent to which Mercer had participated in the crimes, in an apparent effort to persuade the Court to impose a more lenient sentence than that proposed by the Assistant District Attorney, but made no further mention of what the Assistant had originally told him he would recommend, or of any agreement of leniency in return for pleas of guilty. The Court then proceeded to sentence Mercer to cumulative sentences of from twenty to forty years in accordance with a recommendation made by the Assistant District Attorney. No appeal was taken. Mercer is presently serving the sentences imposed on him in the Eastern State Penitentiary at Philadelphia.

Subsequently, Mercer filed a petition for a writ of habeas corpus with the Court of Common Pleas in Philadelphia, alleging that he was denied due process of law as a result of the refusal of the trial judge to permit him to withdraw his pleas of guilty and the Assistant District Attorney's error in referring to the statement of the co-defendant as testimony.

On October 2, 1959, a hearing on the petition was held before Judge Sloane, the trial judge, who expressed his willingness to hear testimony "in the presence of everybody here" on the issue presented. Judge Sloane then made the following statement as to what he understood that issue to be. He said: "As I understand it, under the petition for habeas corpus that Mr. Mercer filed * * * the issue here involved is whether Mr. Mercer pleaded guilty on the understanding that was given him by his then counsel, Mr. Berkowitz, that Mr. Berkowitz had a talk with Mr. Williams, the Assistant District Attorney, and that the agreement between Mr. Berkowitz and Mr. Williams was that Mr. Williams would recommend to the Court a sentence of a minimum of one year and a maximum of ten years and that that was the reason that Mr. Mercer pleaded guilty, otherwise he would not have pleaded guilty. * * * That is the way I understand the issue. That being so, I am ready to hear testimony in the presence of everybody here."

▇ Mercer was represented at this hearing by his present counsel, Maxwell P. Gorson, Esquire. Mercer's former counsel, Berkowitz, was the only witness.[4]

---

4. At the hearing, Mr. Berkowitz testified as follows:
"Q. Prior to Mr. Mercer's being brought to the bar of the Court for the purpose of pleading, did you have a conversation with Robert Williams, who was at the time the Assistant District Attorney on the case?
"A. Yes, I did.
"Q. Will you tell the Court the content of that conversation?
*     *     *     *     *
"A. * * * I asked him what his recommendation as to sentence would be, He remarked that he would consider a recommendation of from one to ten years. Now, he didn't specify whether he meant on all four bills or on each one of the four bills, but his statement was that he would consider a recommendation of from one to ten years.
"Q. Did he state to you that he would recommend—

"A. That was the impression I took from his statement to me.
*     *     *     *     *
"Q. Did you take this information back to Mr. Mercer?
"A. * * * I told Mr. Mercer that in my opinion he would be convicted on four bills—robbery bills—that the District Attorney, in my opinion, would recommend to the Judge that he receive a sentence of one to ten years. * * *
"I informed him that the recommendation was not binding on the Judge, that it was simply the District Attorney's recommendation in the case, and that, in my opinion, his best interests would be served by pleading guilty. * * * "
At a later point Mr. Berkowitz testified: "If the Court please, I don't know whether Mr. Gorson [representing Mercer at the habeas corpus hearing in the Court of Common Pleas, in the court below, and here], is aware, but I, as an attorney, feel

Following the direct examination, the Assistant District Attorney asked a few questions of Berkowitz, and the hearing was then, according to the transcript of the record, "rescessed to a future date, to be fixed." No future date was, in fact, ever fixed. An opinion concluding that the petition should be denied was filed on December 24, 1959 [5] and an order was entered. In his opinion Judge Sloane considered and discussed the allegations contained in the petition and found as a fact that no promise of leniency had been made by the Assistant District Attorney. The order was affirmed on appeal.[6] Mercer then filed a petition for habeas corpus in the United States District Court for the Eastern District of Pennsylvania. No hearing was held. The order of the court below, denying the petition,[7] is the subject of the appeal at bar.

■ Mercer contends first that the refusal of the trial judge to permit a withdrawal of his guilty pleas, which had the result of depriving him of trial by jury, denied him due process of law under the Fourteenth Amendment. Mercer asserts that Judge Sloane denied his request that he be permitted to withdraw his guilty pleas without giving him an opportunity to be heard on this issue. The record, however, does not fully substantiate this assertion for when Mercer's attorney, Berkowitz, objected to the sentencing recommendation made by the Assistant District Attorney, the principle thrust of his argument was that the recommended sentences were too severe. Berkowitz's statement to the Court does suggest, however, that in his view, at least, a promise of a recommendation of lenient sentencing [8] had been made by the Assistant District Attorney but he did not amplify this nor assert directly that this was the basis for Mercer's guilty pleas. An implication to such effect does lie in the record, however. Although Berkowitz did not clearly press the issue he nonetheless took a specific exception to the order of Judge Sloane denying Mercer's oral motion.[9]

it is my duty to call it to the attention of the Court—I also stated to the Court at sentencing that Mr. Williams had stated to me that he would make a lesser recommendation of sentence than was actually made, and that is on the record."

5. See Commonwealth ex rel. Mercer v. Banmiller, Common Pleas No. 7, March Term 1959, No. 148. No opinion was reported for publication.

6. Commonwealth ex rel. Mercer v. Banmiller, 193 Pa.Super. 411, 165 A.2d 121 (1960), allocatur refused, 193 Pa.Super. XXV (1961). See "Allocaturs refused by the Supreme Court of Pennsylvania", id. XXIV. Certiorari was denied, 366 U.S. 968, 81 S.Ct. 1931, 6 L.Ed.2d 1258 (1961).
Mercer has exhausted his state remedies. "This Court will review state habeas corpus proceedings even though no appeal was taken, if the state treated habeas corpus as permissible. Federal habeas corpus is available following our refusal to review such state habeas corpus proceedings.": Brown v. Allen, 344 U.S. 443, 486, 73 S.Ct. 437, 97 L.Ed. 469 (1953). See also Cranor v. Gonzales, 9 Cir., 226 F.2d 83 (1955), certiorari denied, 350 U.S. 935, 76 S.Ct. 307, 100 L. Ed. 816 (1956).

7. U.S.D.C. (E.D.Pa.) January 10, 1962, Misc. No. 2365. No opinion was reported for publication.

8. "Your Honor, I definitely think that that sentence not only is not the sentence that Mr. Williams had advised me he would recommend to the Court at the time I had advised Mr. Mercer to plead guilty, but I feel it is far out of line considering his actual participation. I say when a group of men who actually committed violence and assaulted various individuals and robbed, and this man was really involved in only four holdups, and was involved exactly in the way I have presented it to your Honor. He did not drive the car. He let them use the car, and he received money from the proceeds. I believe it would be a miscarriage of justice to treat this man as the actual robber."

9. While Mr. Berkowitz took no further step in respect to Mercer's oral motion to withdraw his pleas of guilty and took no appeal, nonetheless it cannot be argued plausibly that the issue raised by Mercer was waived for it was brought up again during the state habeas corpus proceedings and the trial judge himself restated it, as quoted above in the body of this

■ Mercer next contends that he was denied an adequate opportunity at his state habeas corpus proceeding before Judge Sloane to explain why he desired to withdraw his pleas of guilty. As we have said, Mr. Berkowitz testified on direct examination but the hearing was recessed as Mr. Williams, the Assistant District Attorney, was commencing cross-examination. Berkowitz had informed the Court earlier that he was scheduled to appear at another hearing that afternoon. It is apparent from the transcript, however, that the Court was somewhat reluctant to permit Williams to cross-examine Berkowitz himself, and might well have recessed the hearing on its own motion at least until another Assistant District Attorney could be made available to conduct the cross-examination of Berkowitz. It appears clearly from the record that only a recess was intended and that a future date for a continuation of the hearing was to be fixed. But, as we have indicated, about two and one half months later, without further hearing, Judge Sloane entered an order denying the writ. Mercer's present counsel should have proceeded vigorously to attempt to get a date set promptly for continuing the hearing but the record does not indicate that he did so. On the other hand, the Court of which Judge Sloane is a member is a very busy one and many counsel possess an understandable reluctance to press it too hardily to advance hearings. The fact remains, however, that regardless of the reason, it may be that Mercer was not afforded a full and adequate opportunity to be heard in the state habeas corpus proceeding.

■ This is not a situation in which no adequate state remedial process is available. Cf. Woods v. Nierstheimer, 328 U.S. 211, 66 S.Ct. 996, 90 L.Ed. 1177 (1946); Young v. Ragen, 337 U.S. 235, 69 S.Ct. 1073, 93 L.Ed. 1333 (1949); Jennings v. State of Illinois, 342 U.S. 104, 72 S.Ct. 123, 96 L.Ed. 119 (1951). The cited cases, however, present a useful analogy under the circumstances at bar. The instant case may be one in which an adequate state remedy was inadequately applied. If the Assistant District Attorney did induce Mercer to enter pleas of guilty on the representation that he would recommend leniency in sentencing to the Court of Oyer and Terminer the conclusion may be required that Mercer was overreached and in the light of the instant record it cannot be said, with surety, that on the truncated hearing on the state petition for habeas corpus that he was afforded due process of law[10]. Mercer was not given a hearing on the merits of his petition in the court

opinion, obviously considering it to be one of importance. Judge Sloane stated plainly that he would hear Mercer on it. In the light of the latter circumstance the issue certainly cannot be deemed to be eliminated insofar as the proceeding at bar is concerned. To so hold in the light of Judge Sloane's own statement, would be to take the position that words spoken from the bench in respect to an issue of vital concern to a defendant are meaningless.

10. We note again the sentencing proceeding in the Court of Oyer and Terminer and the inculpatory "testimony" read into the record by Mr. Williams at the presentence hearing. Had the Court of Oyer and Terminer heeded the objection of Mercer's counsel it would have been apparent that the statement which involved Mercer as an active participant was, apparently, erroneous and certainly was not "evidence" given at a trial. The testimony at Mercer's co-defendants' trial was that Mercer had permitted his automobile to be used by them, albeit with knowledge of the impending crimes and in return for a share of the prospective ill-gotten gains. But can it be said that if the sentencing judge had been aware of this factor it would not have made a difference in the length of Mercer's sentences? We cannot say that such a mistake as to the nature of Mercer's participation, if it was made, would, standing alone, rise to the dignity of a denial of due process. The present record is cloudy on this issue as it is on others. The question of whether or not the sentencing judge was under a misapprehension as to the nature of Mercer's participation in the crimes should be considered on remand, however.

below. We think that he is entitled to a full hearing. See Brown v. Allen, 344 U. S. 443, 73 S.Ct. 437, 97 L.Ed. 469 (1953). Cf. Thomas v. State of Arizona, 356 U.S. 390, 403, 78 S.Ct. 885, 2 L.Ed.2d 863 (1958).

The judgment of the court below will be vacated and the case remanded with the direction to grant Mercer a full hearing in accordance with this opinion.