## Commonwealth ex rel. Sims v. Cavell

*William Sims*, p. p., relator.

*Richard A. Sprague*, Assistant District Attorney, for respondent.

SPORKIN, J., March 15, 1963.—This matter came before the court on relator's petition and rule to show cause why a writ of habeas corpus should not be issued. The rule was returnable before the writer of this opinion on October 26, 1962.

In said petition, relator prayed this court "to vacate sentence . . . or grant new trial", and concluded with the question: "(D)oes a 'faux pas' by the defendant's attorney, give said attorney a legal and proper right to enter guilty plea in defendant's behalf?"

Upon examination and consideration of the allegations of the petition and the trial record, we conclude that there were no factual issues requiring the taking of testimony, and accordingly no hearing was granted.[1] We further concluded that relator's constitutional rights had not been violated, that his sentence was legal, that no substantial question was presented as to these matters, and accordingly the petition was dismissed.[2]

Relator was tried jointly with one Robert Lee Walker on March 28 and 29, 1961, before the Honorable Warren K. Hess, Specially Presiding, and a jury. Defendants were charged jointly in three bills of indictment,

---

[1] Where "petition raised no factual issues requiring determination by the court and failed to establish any ground entitling relator to relief by habeas corpus . . . a hearing was unnecessary": Commonwealth ex rel. Luzzi v. Tees, 176 Pa. Superior Ct. 528, 530 (1954). See also Commonwealth ex rel. Kimble v. Keenan, 194 Pa. Superior Ct. 169, 172 (1960).

[2] Philadelphia Rule of Civil Procedure *993(e) provides: ". . . If the hearing judge decides that the relator's constitutional rights have not been violated, that his sentence is legal and that no substantial question is presented as to these matters, he shall dismiss the petition. . . ."

docketed to July sessions, 1959, in each of which Anna Mae Young was named as the victim. In bill no. 662, the charges were assault and battery, aggravated assault and battery, assault and battery with intent to ravish, and rape; bill no. 663 charged conspiracy to commit rape; and in bill no. 664 the charge was sodomy. Upon arraignment, both defendants pleaded not guilty. At the trial, each was represented by separate counsel. At the conclusion of the Commonwealth's case, defendant Walker took the stand and testified, after which, following a short recess, both defendants were re-arraigned and, on the advice of their respective counsel, withdrew their pleas of not guilty, and relator pleaded guilty to all three bills.[3]

On March 29, 1961, relator was sentenced on bill no. 662 (the rape bill) to "undergo imprisonment at the State Correctional Institution at Phila. for a term of not less than 5 years nor more than 15 years", and sentences were suspended on bills no. 663 and no. 664.

The record also indicates that on August 30, 1961, relator was transferred to the State Correctional Institution at Rockview, where he is now serving the sentence imposed. There were no post-trial motions filed by relator or in his behalf. The instant petition was filed September 8, 1962, more than a year and five months following the imposition of sentence.

The trial record clearly establishes: that on June 17, 1959, at approximately 11:30 p.m., Anna Mae Young was accosted on the highway by relator and Robert Lee Walker; that relator placed a razor close to her neck and both relator and Walker forced her to enter a building which was occupied by Walker as a barber shop and residence; that she was detained under threats throughout most of the night, and both had

---

[3] Walker pleaded guilty to bills nos. 662 and 663, and a nolle prosequi was entered as to Walker with respect to bill no. 664 charging sodomy.

intercourse with her several times, against her will; that relator also, by force, compelled prosecutrix to perform an act of sodomy; that she was not released nor permitted to leave the premises until early the following morning; and that she made prompt complaint to the police, as a result of which Walker and relator were apprehended.

There is nothing in the record of this case to cast any doubt upon relator's guilt of the offenses charged. As noted supra, relator, during the progress of the trial, withdrew his plea of not guilty and entered pleas of guilty to all bills of indictment. Before the trial judge imposed sentence, relator was asked by his counsel at the bar of the court: "Is there anything that you would like to say to His Honor at this time?" Relator made a short statement to the effect that he had been cooperative on an earlier occasion when a bench warrant had been issued for his nonappearance when the case had been listed for trial. At no time did relator protest his innocence, nor did he complain to the court in respect to the change of plea. It is to be noted that relator waited for a year and a half after he commenced serving his sentence before charging his attorney with having committed a "faux pas" and with having "no legal and proper right to enter a guilty plea in defendant's behalf."

The record shows that it was relator, not his attorney, who withdrew the pleas of not guilty and entered pleas of guilty. Relator does not aver, nor does the transcript of the record reveal, that the change of plea was the result of coercion. On the contrary, it is clear, and we so find, that the change of plea was the voluntary act of relator, after conferring with his counsel.

Even if an accused pleads guilty, relying on his attorney's opinion as to the probable sentence, and receives a sentence in excess of his expectation, he will not be permitted later to withdraw the plea on the

ground that he was ill-advised: Commonwealth ex rel. Mercer v. Banmiller, 193 Pa. Superior Ct. 411 (1960). Furthermore, there is nothing in this record to indicate that relator sought to withdraw at any time the pleas of guilty which he had entered. Had relator desired to raise the question he now poses, he could have done so by appeal from the sentence. "It is not properly before us by petition for writ of habeas corpus": Commonwealth ex rel. Mercer v. Banmiller, supra, at page 413.

See also Commonwealth ex rel. Jackson v. Banmiller, 190 Pa. Superior Ct. 564 (1959).

It is fundamental that a writ of habeas corpus cannot be resorted to as a substitute for an appeal or writ of error, or for a motion for a new trial: Commonwealth ex rel. Corbin v. Banmiller, 391 Pa. 265 (1958); Commonwealth ex rel. Jackson v. Day, 179 Pa. Superior Ct. 566 (1955); Commonwealth ex rel. Kennedy v. Mingle, 388 Pa. 54 (1957).

Relator, to support his complaint, points specifically to pages 127 to 130, inclusive, of the trial record. A reading of this trial record (particularly these pages) discloses that following the examination of relator's codefendant by Walker's counsel,[4] he (Walker) was cross-examined by the assistant district attorney, and then, with permission of the court, was crossexamined by relator's counsel. During the course of this latter crossexamination, relator's counsel asked the following question: "Mr. Walker, were you ever convicted of murder in 1939?" Thereupon, Walker's attorney objected to the question, and moved for the withdrawal of a juror. The court overruled the motion and instructed the jury "to completely disregard the question." There then ensued a side-bar discussion with counsel. At this point a recess was declared, counsel

---

[4] Walker admitted having had sexual relations with the prosecutrix, but contended that this was with her consent.

conferred with their respective clients, and the changes of the pleas took place.

Relator's contention that his attorney committed a "faux pas" in putting the question quoted above to relator's codefendant, is without merit, for if anyone was prejudiced by the question, it would have been Walker only, and not relator. In any event, as hereinbefore stated, since there was no motion for a new trial, nor was any appeal taken from the imposition of sentence, and, since the record points inexorably to the guilt of relator of the offenses with which he was charged, there was nothing else before us which would warrant the granting of a writ of habeas corpus.

Accordingly, the rule granted upon the Commonwealth to show cause why a writ of habeas corpus should not issue was discharged and relator's petition was dismissed.