## Commonwealth *v.* Senauskas.

*Harold S. Hampson,* for petitioner (defendant).

*Lemuel B. Schofield,* for respondent (Presiding Judge of lower court).

*Leroy C. Eddy,* District Attorney, for Commonwealth.

OPINION BY MR. CHIEF JUSTICE KEPHART, April 12, 1937:

Joe Senauskas, found guilty of murder in the first degree by the President Judge of the Court of Oyer and Terminer of Warren County after a plea of guilty, and sentenced to be electrocuted, presented his petition to this court asking leave to withdraw his plea for the reason that it was coerced, and requesting the appointment of a judge "to hear the motion for a new trial, arrest of judgment and for an order staying all proceedings until this court had passed upon the petition." The alleged facts upon which the petition was grounded were as follows: That defendant's counsel, after the indictment was read, entered a plea of not guilty and demanded a jury trial; that when five jurors had been accepted and sworn, defendant changed his plea from not guilty to guilty after consultation with the judge of the court and at the judge's request; that prior to the entry of the guilty plea the court stated to the attorney representing the defendant, if it were entered, the sentence would not be electrocution; that notwithstanding the agreement between the court and the attorney the court determined the crime to be of first degree and sentenced the defendant to be electrocuted.

The President Judge of that court, in response to the rule that we had granted, filed a complete answer wherein he denied the material averments in the petition, particularly that any agreement had been entered into or that anything had been done by the court to procure a plea of guilty, asserting that the latter was the free and voluntary act of the defendant. Because of the gravity of the charge, this court deemed it expedient to assign the Honorable JAMES I. BROWNSON, of the 27th Judicial

District, to preside in the Court of Oyer and Terminer of Warren County and to hear and report on the issues raised by the petition of Joe Senauskas and the answer of the presiding judge.

The report of President Judge BROWNSON is most complete and covers all the matters raised by the petition, including the special assignment to pass upon the motion for a new trial as requested by the defendant. Counsel for defendant, Earle V. MacDonald, having died, Harold S. Hampson, a member of the Warren County Bar was appointed to represent the defendant. Extensive hearings were had and 831 pages of testimony were taken. Based upon this testimony the report of President Judge BROWNSON is approved.

The President Judge specifically finds that no bargain was entered into with, or promise made to, defendant's counsel, or to defendant, regarding the sentence to induce the entry of the plea; that not only was no such agreement established, but, on the contrary, the evidence is against this averment of the petition; and that counsel who then represented the defendant "was in a state bordering on nervous collapse and was on that morning [the date of the plea] complaining greatly of suffering in his head, and, no doubt, was then affected by the disease which later caused his death."

While we recognized in granting the prayer of the petition that the record had not been removed from Warren County to this court, the allegations of the petition embraced an issue of fact to be determined by evidence, and under the authority of our general powers which have been so frequently discussed, we directed President Judge BROWNSON to hear the matters and report to this court, so that an appropriate order might be made on the recommendation contained therein.

It may be stated generally that for a judge to make a bargain, engagement or promise in advance of the hearing of a case *irrespective of what the evidence might thereafter show the facts to be* and as to what judgment

he should render therein, would be judicial misconduct. Such agreements have uniformly been held to have no binding effect, and they are incompatible with the powers or duties of a judicial officer. The failure of a judge, who. enters into an agreement of this type, to comply with his promise gives to the defendant the right to withdraw his plea of guilty and enter a plea of not guilty, under the theory that the plea of guilty is not binding upon a defendant when induced by fear, promises, persuasion or ignorance. Indeed a confession made under such circumstances would not be received as evidence. In *Morgan v. State*, 243 Pac. 993, 33 Okla. Cr. Rep. 277, where a plea of guilty was entered in reliance on a promise of leniency, which the judge failed to abide by, the court said: ". . . we think that, under these circumstances, the defendant should have been permitted to withdraw his plea of guilty and substitute therefor the plea of not guilty."

Likewise, in *Richardson v. Commonwealth*, 131 Va. 802, 109 S. E. 460, the court severely criticized agreements of this character, stating: "Much of the argument in this case is based upon the assumption that the judge of a trial court may enter into a binding agreement with the prisoner to excuse him forever from the penalties of his crime. We think this is a misconception, and that if judges are in the habit of making such contracts or bargains with convicted persons, the practice should be discontinued." See also *O'Hara v. People*, 41 Mich. 623, 3 N. W. 161; *People v. Brown*, 54 Mich. 15. 19 N. W. 571.*

---

* In analagous situations where promises or agreements have been entered into by prosecuting officials in consideration of pleas of guilty, it has been held that such agreements are illegal and the conduct of such officials is highly improper: *People v. Phipps*, 261 Ill. 576, 104 N. E. 144. Likewise, the courts have permitted the withdrawal of pleas made in pursuance of such agreements: *State v. Walters*, 48 S. D. 322, 204 N. W. 171; *People v. Bogolowski*, 317 Ill. 460, 148 N. E. 260; *Wolfe v. State*, 102 Ark. 295, 144 S. W. 208.

Judges should not have conversations with counsel on one side relating to the disposition of a case without the presence of opposing counsel. At least, attorneys for both sides should be given an opportunity to be present. This is particularly true in cases of homicide and other grave felonies, where the district attorney should always be present.

To avoid possible imposition on the courts by petitions of the character now before us, which may be made merely to avoid for a time the execution of the penalty, allegations of such misconduct should be clearly proved to warrant the fastening of discredit upon any judicial officer. In the instant case, as President Judge Brownson found, the evidence negatives the existence of any improper conduct on the part of the presiding judge. A host of witnesses supported Judge Arird's assertion that no promise had been made. Indeed, defendant had indicated before the trial that he intended to plead guilty and trust to the leniency of the court.

Counsel for the defendant advanced the further argument that the withdrawal of the plea of guilty should be permitted regardless of any promise. The granting of an application for leave to withdraw a plea is a matter of judicial discretion: *Commonwealth v. Di Paul*, 122 Pa. Superior Ct. 53. The reason assigned here, that counsel believed there was an understanding with the court, is not sufficient to permit the withdrawal, especially since the hearing judge has found that no such promise existed. We concur with President Judge Brownson in his conclusion with respect to this request.

President Judge Brownson, acting under our order to hear the motion for a new trial as requested by defendant, overruled that motion. It appears from his opinion overruling the motion that after the testimony was presented to the court at the original hearing to determine the degree of murder, the judge found the defendant guilty of murder in the first degree, fixed the penalty at death and forthwith sentenced him. No op-

74

portunity was given defendant to file a motion for a new trial. See *Commonwealth v. Mayloy*, 57 Pa. 291, 298. A reasonable time could well have been afforded defendant for this purpose. Four days later a motion for a new trial was filed which Judge ARIRD refused to entertain. When this matter came before President Judge BROWNSON the term at which the sentence was imposed had expired. In dismissing the motion, he stated that he had no power after the expiration of the term to set aside the sentence as it was a final judgment, and as the motion for a new trial was filed after this definitive judgment, it had no effect thereon and was an unauthorized writing on the record. Judge BROWNSON is correct in his legal conclusion and, as he suggests, leave should have been given to file this motion nunc pro tunc before sentence, thus suspending any sentence that might have been imposed before the motion was disposed of. As Judge BROWNSON has disposed of the motion, for the purpose of review in this court it will be considered as having been filed nunc pro tunc prior to the imposition of sentence. If defendant is aggrieved by the action of the Court of Oyer and Terminer of Warren County in the finding of first degree, the imposition of the death penalty, the overruling of the motion for a new trial or any other matter, order, decree or judgment, he may take an appeal to this court, the only procedure by which this entire record may be removed here and considered. We will consider at that time all matters connected therewith. The testimony which was heard by President Judge BROWNSON upon the present motion will be considered as part of the record to be reviewed by us. Defendant has full opportunity to present his case to this court upon appeal, in the regular method for removal of the record by certiorari to this court.

Petition dismissed.