## Commonwealth ex rel. O'Niel v. Ashe, Warden.

PER CURIAM, January 2, 1940:

In his petition for a writ of habeas corpus relator sets forth four reasons why he claims to have been illegal-

ly imprisoned: (1) The indictment under which he was sentenced was vague, indefinite and inadequate. (2) The sentence of the court was imposed upon the charges in the indictment generally instead of upon each of its three counts separately. (3) The original sentence of the court was subsequently changed to commence from a later date. (4) He was not allowed to change his plea of guilty to not guilty, although, as he asserts, the guilty plea was due to a misunderstanding on his part.

Relator brought a writ of habeas corpus in the Superior Court, returnable October 10, 1938, and in a per curiam opinion of October 12, 1938, that Court, in discharging the writ, disposed of the first three reasons here assigned. Relator attempts to evade the decision thus rendered on the ground that he was not allowed to appear in person in the Superior Court. It is well settled, however, that in such a proceeding the relator need not be produced unless the court deems his presence necessary: *Commonwealth v. Curry*, 285 Pa. 289, 299; *Commonwealth ex rel. Zimbo v. Zoretskie*, 124 Pa. Superior Ct. 154, 158, 159.

This leaves only the question as to whether relator had a right to change his plea of guilty to not guilty in the lower court. A motion to withdraw a plea of guilty and enter a plea of not guilty is addressed to the sound discretion of the court before which the plea was entered, and unless there has been a clear abuse of that discretionary power its action will not be reversed: *Commonwealth v. Shawell*, 325 Pa. 497, 508; *Commonwealth v. Senauskas*, 326 Pa. 69, 73; *Commonwealth v. Di Paul*, 122 Pa. Superior Ct. 53, 55. The record here discloses no such abuse.

AND NOW, January 2, 1940, it appearing that relator is legally in custody, the rule to show cause is discharged.