## Commonwealth ex rel. Foeman, Appellant, v. Maroney.

Submitted January 7, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*George W. Foeman, Jr.,* appellant, in propria persona.

*Thomas A. Pitt, Jr.,* Assistant District Attorney, and *A. Alfred Delduco,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, March 22, 1966:

On January 14, 1939, George W. Foeman, Jr. (Foeman), was taken into custody by the police of West Chester Borough, Chester County, and questioned in connection with the homicides of Marjorie Sullivan, Foeman's girl friend, and Ralph Sullivan, her brother. On the evening of that date Foeman made a statement in writing wherein he admitted his complicity in the killings. The next day he again made a written statement admitting his guilt. He was given a preliminary hearing on January 25, 1939, on two charges of murder; at that time he stood mute and a plea of not guilty was entered for him. He was then indicted by the grand jury on the two murder charges, the indictments being returned on February 27, 1939. It was not until after these events had taken place that, on March 6, 1939, two attorneys were appointed by the court to represent Foeman.

On May 23, 1939, at the outset of the trial before a court and jury, Foeman entered pleas of not guilty; after the jury had been selected and sworn, Foeman withdrew the pleas of not guilty and entered pleas of guilty on both indictments. A hearing on these pleas was heard on June 7-8, 1939; after hearing, the Court of Oyer and Terminer of Chester County found him guilty of murder in the first degree and sentenced him to life imprisonment.

On October 29, 1964, Foeman filed in the Court of Common Pleas of Chester County a petition for a writ of habeas corpus which was denied without hearing. The thrust of this petition is that Foeman, although

indigent, was not furnished counsel after he was taken into custody, that he was without counsel from January 14—the day of his apprehension—until March 6, a period of 51 days and that he was without counsel at the time he made the two confessions, hence, the confessions were improperly received in evidence at his trial.[1]

That Foeman was without counsel at the preliminary hearing does not, in the absence of any showing of unusual circumstances which made critical this stage in the proceedings, constitute a deprivation of due process: *Commonwealth ex rel. Hobbs v. Russell,* 420 Pa. 1, 3, 215 A. 2d 858, and cases therein cited. Under the circumstances presented on this record, the preliminary hearing was not a critical stage. Moreover, there is neither averment nor proof that the absence of counsel at the preliminary hearing in any manner whatsoever prejudiced the defendant or his rights. See: *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283.

The record shows that the two confessions made by Foeman, when he was without counsel, were offered and received in evidence at the hearing subsequent to the entry of his guilty pleas. However, when these were offered and received in evidence he was then represented by counsel and no objection whatsoever was made to the introduction of the confessions in evidence. In *Commonwealth ex rel. Blackshear v. Myers,* 419 Pa. 151, 154, 213 A. 2d 378, we recently said: "Nevertheless, the evidence involved was admitted of record without any objection being voiced thereto and without the slightest suggestion at any stage of the proceeding that it should be rejected. Under the circumstances, the admissibility question cannot now be suc-

---

[1] There is no averment of a request for counsel nor does the record reveal any such request until the court was formally requested to appoint counsel.

cessfully asserted in this collateral action. [citing authorities]." *Blackshear* controls this phase of this appeal. See also: *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 313, 207 A. 2d 810.

Foeman withdrew his pleas of not guilty and entered pleas of guilty to murder. At that time he was represented by counsel and the record contains neither averment nor proof that the entry of such pleas was coerced or in any sense involuntarily entered. "When an accused pleads guilty to an indictment, it is presumed that he is aware of what he is doing: [citing authorities]. Hence the burden of proving otherwise is upon him.": *Com. ex rel. Crosby v. Rundle,* 415 Pa. 81, 85, 202 A. 2d 299. Foeman, on this record, was certainly aware of what he was doing, and, in fact, he makes no effort to prove otherwise. Under the circumstances, Foeman's pleas of guilty in open court while represented by counsel, whose competency and effectiveness is not questioned, constituted a waiver of his right to question proceedings which took place before the entry of the pleas (*Com. ex rel. Walls v. Rundle,* 414 Pa. 53, 198 A. 2d 528; *Com. ex rel. Sanders v. Maroney,* 417 Pa. 380, 207 A. 2d 789). The pleas of guilty entered plus the lack of any objection to the admissibility of these confessions constitute a waiver of the objections he now makes to the legality of his conviction.

Even though counsel was not appointed until over seven weeks after his apprehension such fact per se does not show the deprivation of due process.

Order affirmed.