Commonwealth *v.* Culbreath, Appellant.

Argued November 20, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

H. K. *Agran*, with him *I. B. Sinclair*, and *Bell, Pugh, Sinclair & Prodoehl*, for appellant.

*Ralph B. D'Iorio*, Assistant District Attorney, with him *Vram Nedurian, Jr.*, Assistant District Attorney, *William R. Toal*, First Assistant District Attorney, and *Stephen J. McEwen, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 22, 1970:

On January 13, 1969, the defendant, Wallace Culbreath, was to be tried by a jury for the murder of Ernest McNeil. As the case was being readied for actual trial in the courtroom, defendant, while represented by Court-appointed counsel, stated his intention to plead guilty to the murder. Defendant was interrogated by both his counsel and the trial Judge with respect to his awareness of the consequences of the entry of the guilty plea, *and thereafter he entered a guilty plea.*

After hearing the testimony in the case for the purpose of establishing the degree of guilt, the trial Judge concluded that the defendant was guilty of *second-degree murder* and ordered a pre-sentence investigation.

*Several months later,* but before sentence had been imposed, defendant petitioned the Court for leave to withdraw his guilty plea. The Court dismissed his petition and subsequently sentenced defendant to from six to twelve years, and also imposed a fine of $1,000. From this judgment of sentence, defendant took this appeal.

Defendant first contends that the trial Court erred in denying his petition for leave to withdraw his guilty plea, because (1) it was made before sentence was imposed, (2) defendant was under a misapprehension as to the sentence he would receive, and (3) the Commonwealth's evidence failed to establish beyond a reasonable doubt the commission of a murder.

In *Commonwealth v. Commander,* 436 Pa. 532, 260 A. 2d 773, the Court said (page 538) : "In Commonwealth v. Frye, 433 Pa. 473, 252 A. 2d 580, the Court affirmed a conviction of murder, and said (page 481) : 'It is hornbook law that the test of the sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. Commonwealth v. Finnie, 415 Pa. 166, 202 A. 2d 85; Commonwealth v. Burns, 409 Pa. 619, 634, 187 A. 2d 552; Commonwealth v. Kravitz, 400 Pa. 198, 161 A. 2d 861; Commonwealth v. Williams, 432 Pa. 557, 248 A. 2d 301 (1968)' " See also, *Commonwealth v. Terenda,* 433 Pa. 519, 252 A. 2d 635; *Commonwealth v. Lawrence,* 428 Pa. 188, 236 A. 2d 768; *Commonwealth v. Tabb,* 417 Pa. 13, 16, 207 A. 2d 884.

Considering the evidence together with all reasonable inferences therefrom in the light most favorable to the Commonwealth, the trial Judge could have found from the evidence the following facts.

On the evening of July 1, 1968, defendant and Ernest McNeil were engaged in an animated conversation in a taproom known as Andy's Bar in the City of Chester. The proprietor, hoping to avoid trouble in his bar, asked them to leave. They did leave; the victim walked out the door first, and was followed by defendant, a few feet behind. Defendant had his right hand in the side pocket of his trousers. Shortly after the door closed, patrons of the bar heard what sounded to them like gunshots. The victim (McNeil) was found in the vicinity of the bar dying from bullet wounds which entered his body from the back. *Defendant's landlady testified that later that evening defendant told her he had shot a man because "the man was bothering him."* Defendant did not testify. A psychiatrist called in defendant's behalf testified that the drinking of almost a fifth of liquor on the day of the shooting, as defendant claimed he did, coupled with his epilepsy and diabetes, would have caused amnesia.

From this evidence, defendant contends (1) that the evidence was not adequate to establish beyond a reasonable doubt that he commited a murder, and (2) that since he does not remember what happened at the time of the shooting, *a loss of memory* which he further contends was corroborated by his psychiatrist, he should have been permitted to withdraw his guilty plea. We disagree.

This Court has stated many times that a person may be convicted of murder on circumstantial evidence alone. Very recently, in *Commonwealth v. Slavik*, 437 Pa. 354, 261 A. 2d 583, the Court stated (page 358): "In Commonwealth v. Hart, 403 Pa., supra, this Court, quoting from Commonwealth v. Kravitz, 400 Pa. 198, 161 A. 2d 861, said (pages 654-655): ' " '... " 'It is clearly settled that a man may be convicted on circumstantial evidence alone, and a criminal intent may be inferred by the jury from facts and circumstances which are of such a

nature as to prove defendant's guilt beyond a reasonable doubt: [citing 10 recent cases].' " ' "

" 'If the law were otherwise it would be impossible in many cases where there were no eyewitnesses, to convict a criminal. It is rare that a criminal ever discloses in advance or sends a telegram expressing his criminal intentions.' "

In our opinion, a jury or trier of fact could have properly concluded from the evidence hereinabove summarized that the defendant murdered Ernest McNeil. Moreover, " 'A plea of guilty, knowingly made, constitutes an admission of guilt and is a waiver of all nonjurisdictional defects and defenses.' Commonwealth v. Garrett, 425 Pa. 594, 597, 229 A. 2d 922, 924 (1967); Commonwealth ex rel. Foeman v. Maroney, 420 Pa. 486, 218 A. 2d 230 (1966); Commonwealth ex rel. Walls v. Rundle, 414 Pa. 53, 198 A. 2d 528 (1964)." *Commonwealth v. Hill*, 427 Pa. 614, 617, 235 A. 2d 347.

Defendant further contends that he was entitled to withdraw his guilty plea on the ground that he was mistaken with respect to its consequences. At his arraignment, which was held immediately before the time scheduled for his actual trial, defendant pleaded not guilty to indictments charging him with murder, violations of the Firearms Act and voluntary and involuntary manslaughter, all arising out of the shooting of McNeil. Following his arraignment but before a trial jury was selected, the assistant district attorney requested a meeting with the trial Judge in his chambers. The Judge asked whether the defendant should be present, but the defense attorney stated that would not be necessary. The assistant district attorney and the defense attorney thereupon met with the trial Judge in his chambers. The record does not disclose what discussions took place at that conference, but when the attorneys returned to the courtroom defendant's attorney stated openly to the Court that the defendant

wished to change his plea and enter a plea of guilty generally to the crime of murder, which he did.

Defendant contends that he was under the impression that his attorney and the assistant district attorney had made a bargain and had agreed that he would receive a maximum sentence of two years if he would plead guilty. He asserts further that since the discussions between the attorneys took place in the presence of the trial Judge, the trial Judge had in effect acquiesced in the bargain. Moreover, defendant's counsel suggests that he may have misled the defendant into believing that *"the probabilities" were good* that the trial Judge would follow the recommendations of both attorneys. Whatever the probabilities were, our review of the part of the record which dealt with the examination of the defendant by both his trial counsel and the trial Judge makes it abundantly clear that defendant knew that no promises had been made by the Court, and that the Court was not bound by any of the discussions that had taken place. Defendant's brief specifically states that the sentencing Judge did not "participate" in the discussion of a two-year maximum sentence.

At the time of the sentence, the assistant district attorney did make a recommendation for a maximum sentence of two years. On the other hand, the examination of defendant by his attorney and the trial Judge at the time of the entry of the guilty plea shows that the various possible sentences were explained to him, and that he was advised of his right to a jury trial and his right to appeal from the verdict of the jury, and that no promises or representations had been made either as to the degree of guilt the Judge might find or as to the sentence which he might impose. Moreover, the psychiatrist, who was in the courtroom at the time of the entry of the guilty plea, testified that in his opinion defendant was competent at that time to understand

the questions which had been asked of him and the nature and extent of his act.

This is clearly not a so-called "silent record" case. Moreover, we are convinced from the record that the defendant fully understood the nature of the crime with which he was charged and his rights, and the possible sentences which could be imposed and the consequences of his guilty plea, and that his sole reason for attempting to have it withdrawn is his disappointment in the length of sentence imposed. As this Court said in *Commonwealth v. Kirkland*, 413 Pa. 48, 195 A. 2d 338 (page 56): *"The fact that in the finding of the Court as to the degree of defendant's guilt and the sentence imposed, the expectations or hopes of appellant and her counsel were not realized is not the kind of 'mistake or misapprehension' which in the interest of Justice, justifies the withdrawal of a plea of guilty."*

The grant or refusal of an application for leave to withdraw a plea of guilty is a matter of judicial discretion and it will not be reversed in the absence of a clear abuse of discretion or an error of law which controlled the lower Court's decision. *Commonwealth v. Scoleri*, 415 Pa. 218, 202 A. 2d 521; *Commonwealth v. Kirkland*, 413 Pa., supra, at page 54 (and eight cases cited therein). Cf. *Commonwealth v. Metz*, 425 Pa. 188, 228 A. 2d 729; *Commonwealth v. Phelan*, 427 Pa. 265, 274, 234 A. 2d 540. The Court gives detailed examples, in *Commonwealth v. Scoleri*, 415 Pa., supra, and *Commonwealth v. Phelan*, 427 Pa., supra, of cases in which the withdrawal of a plea of guilty is properly allowed. Cf. also, *Commonwealth v. Servey*, 434 Pa. 433, 437, 256 A. 2d 469.

We find no abuse of discretion or error of law.

Judgment of sentence affirmed.

Mr. Justice JONES concurs in the result.

---

*Italics in *Commonwealth v. Kirkland*.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

On January 13, 1969, appellant's case was called for trial. After he entered a plea of not guilty, appellant's counsel, the assistant district attorney and the trial judge went into conference in the judge's chambers. When the conference ended the assistant district attorney stated in open court that defense counsel had advised him that defendant wished to enter a plea of guilty to murder generally. Appellant was then questioned by the trial judge as to his understanding of the plea: "Q. Now, has [sic] any threats or promises been made to you to change your pleas of not guilty to guilty? A. No, Your Honor. Q. Have any promises been made to you, either by the District Attorney or through counsel or any one else, as to what your sentence will be? A. No, Your Honor."

Evidence was then taken concerning appellant's degree of guilt, after which the assistant district attorney addressed the court: "[A]s to any consideration of sentence, . . . I would say, having gone into this case . . . and freely discussed it at great length yesterday even on the telephone with Mr. Sinclair [defense counsel], *I told him yesterday* that I would make the statement to the Court that . . . it is my understanding the sentence at Broadmeadows would be a maximum of two years. . . ." (emphasis added)[1] The court then found

---

[1] While the inconsistency between the assistant district attorney's statement and the defendant's as to a plea bargain most likely indicates the defendant's confusion at this point, it may also stem from an erroneous belief that the court would not have accepted the plea if the bargain were known. The proper procedure, however, is to alert the judge to the bargain; if the judge later finds that he cannot concur in it, he should permit the defendant to withdraw his guilty plea if the defendant desires. See *Commonwealth v. Evans*, 434 Pa. 52, 56 n.*, 252 A. 2d 689, 691 n.* (1969); ABA Project on Minimum Standards for Criminal Justice, Pleas of Guilty, §2.1(a)(ii)(4) (Approved Draft 1968).

appellant guilty of second degree murder and deferred sentence pending a pre-sentence investigation.

On April 8, 1969, appellant filed a petition for leave to withdraw his guilty plea, alleging that his plea was entered on a belief that he would only get two years in jail. On June 12, 1969, the court considered appellant's petition; on July 29, the petition was denied en banc, three judges dissenting. On August 20 the court sentenced appellant to six to twelve years imprisonment. This appeal followed.

The question presented by this appeal is what is the proper standard for granting leave to withdraw a guilty plea when such motion is made prior to sentencing. It is my view that prior to sentencing leave should be allowed whenever the defendant advances any fair and just reason for withdrawal, unless the Commonwealth can show that it was substantially prejudiced by its reliance on the defendant's guilty plea.

I begin by noting that this Court has never articulated the important distinction between pre-sentence and post-sentence plea withdrawals.[2] "Before sentencing, the inconvenience to the court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the

---

[2] None of the cases relied on by the majority for its strict standard make any distinction between the two situations. Compare *Commonwealth v. Scoleri*, 415 Pa. 218, 202 A. 2d 521 (1964) (post-sentence withdrawal); *Commonwealth v. Kirkland*, 413 Pa. 48, 195 A. 2d 338 (1963) (motion for withdrawal made after court announced degree of guilt); *Commonwealth ex rel. O'Niel v. Ashe*, 337 Pa. 230, 10 A. 2d 404 (1940) (no facts given); *Commonwealth v. Senauskas*, 326 Pa. 69, 191 Atl. 167 (1937) (after sentence of electrocution); *Commonwealth v. Shawell*, 325 Pa. 497, 191 Atl. 17 (1937) (post-sentence) with *Commonwealth v. Phelan*, 427 Pa. 265, 234 A. 2d 540 (1967) (pre-sentence withdrawal, but motion made one year after entering plea and making statements of guilt in trial of co-defendant); *Commonwealth v. Cole*, 384 Pa. 40, 119 A. 2d 253 (1956) (before imposition of death penalty).

right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." *Kadwell v. United States,* 315 F. 2d 667, 670 (9th Cir. 1963).

This practical difference between the two situations certainly indicates that a more liberal view should be taken toward pre-sentence plea withdrawal. See Comment, "Pre-Sentence Withdrawal of Guilty Pleas in Federal Courts," 40 N.Y.U.L. Rev. 759 (1965). Indeed, the federal courts have apparently adopted this approach. In *United States v. Stayton,* 408 F. 2d 559, 561-62 (3d Cir. 1969) (emphasis in original), the court stated: "In weighing motions for withdrawal of a guilty plea *before* sentencing, the test to be applied by the trial courts is fairness and justice. . . . This does not mean that every motion for withdrawal *before sentence* should be granted. There is no absolute right to withdraw a guilty plea, and the right to do so is within the sound discretion of the trial court. . . . If the government can show *substantial prejudice,* then the motion, in the trial court's discretion, may be denied." Accord *Kadwell v. United States,* 315 F. 2d 667, 670 (9th Cir. 1963) ; *Gearhart v. United States,* 272 F. 2d 499, 502 (D.C. Cir. 1959) ; *Poole v. United States,* 250 F. 2d 396, 400 (D.C. Cir. 1957) ; see *Bergen v. United States,* 145 F. 2d 181, 187 (8th Cir. 1944). See also *Kercheval v. United States,* 274 U.S. 220, 224, 47 S. Ct. 582, 583 (1927) (dictum) (emphasis added) : "The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for *any* reason the granting of the privilege seems fair and just."

The ABA Project on Minimum Standards for Criminal Justice, Pleas of Guilty, §2.1 (Approved Draft 1968) likewise makes a distinction between pre-sentence and post-sentence withdrawal. Section 2.1(a) provides:

"The court should allow the defendant to withdraw his plea of guilty . . . whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice."[3]   Section 2.1(b), on the other hand, provides:  ". . . Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

Applying that standard to the instant case, it is quite clear that appellant should have been given leave to withdraw his guilty plea prior to sentencing.  Appellant has advanced a "fair and just" reason:  He first believed that the judge had agreed to a plea bargain for a two year sentence, but later realized that the judge was not informed of, and did not concur in, the bargain.  This erroneous impression was conveyed to him by the fact that the trial judge met with counsel in chambers before he withdrew his plea of not guilty, by the assistant district attorney's recommmendation of two years at the degree of guilt hearing, and by the representations of defense counsel.  Defense counsel in fact testified that "I would be less than frank . . . not to admit that I think I did raise in his [the defendant's] mind the feeling that if both of us recommended it [a two year sentence] our recommendations would be accepted [by the trial judge]."  The assistant district attorney testified:  "I realize there was [sic] many pitfalls which the Commonwealth had in this particular case. . . .  I made the statement to Mr. Sinclair [defense counsel] that if I were asked I would say, yes, that

---

[3] The majority relies on *Commonwealth v. Kirkland*, 413 Pa. 48, 195 A. 2d 338 (1963), for a standard which is quite similar to the one enunciated by the ABA for post-sentence withdrawals.   It is to be noted that *Kirkland* itself was a case in which withdrawal was not requested until after the proposed bargain had fallen through.

I feel under all the circumstances of this case . . . a two year sentence [would be appropriate] . . . and I did so state to Mr. Sinclair."

The appellant was obviously somewhat confused about the binding nature of the agreement. This confusion was shown at the degree of guilt hearing where appellant testified that no promises had been made, but the assistant district attorney testified that a plea bargain had been arrived at before the hearing.[4] After the degree of guilt hearing appellant wisely began to question the agreement. Hence his desire to withdraw the plea. See *Commonwealth v. Evans*, 434 Pa. 52, 56 n.*, 252 A. 2d 689, 691 n.* (1969) (where trial judge cannot keep plea bargain, he should allow defendant to withdraw his guilty plea) ; *Commonwealth v. Todd*, 186 Pa. Superior Ct. 272, 278, 142 A. 2d 174, 177 (1958) ("The defendant's plea of guilty was induced by promises of a recommendation of leniency . . . and on that ground the majority of us are of the opinion that the sentencing judge is clearly chargeable with an abuse of discretion in refusing to allow the defendant to withdraw his plea.") ; cf. *United States v. Paglia*, 190 F. 2d 445, 447 (2d Cir. 1951) (L. HAND, J.) (dictum).

The Commonwealth, on the other hand, does not assert any prejudice, nor can any be shown in the instant case. I see no reason, therefore, why appellant should not now be allowed to exercise his right to have the Commonwealth prove his guilt. He has not deceived the court in any way, nor did he fail to act promptly, nor did he wait until the trial court announced sentence and then seek to change his plea. Appellant was merely the victim of an admitted plea bargain which he thought would bind the judge. Certainly it cannot matter that the judge, unbeknownst to appellant, was not aware of the plea bargain and was not in any way

---

[4] See note 1 supra.

bound by the agreement. Such a misunderstanding can occur easily and we should not penalize appellant for it.

Accordingly, I dissent and would allow appellant to withdraw his plea of guilty and enter a plea of not guilty.

Mr. Justice POMEROY joins in this dissent.