Commonwealth v. Woods, Appellant.

Argued April 24, 1973. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Gerald P. Ginley,* with him *Michael J. Stack, Jr., Christian T. Mattie, III,* and *O'Halloran, Stack & Smith,* for appellant.

*James Shellenberger,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1973:

Appellant, Curtis Lee Woods, was indicted for various offenses arising from the murder of Sonia Rosenbaum. On June 26, 1970, appellant appeared before Judge McDEVITT and entered pleas of guilty to murder generally, aggravated robbery and conspiracy. After conducting an on-the-record colloquy, as required by Pa. R. Crim. P. 319(a), the trial court accepted appel-

lant's guilty plea. Pursuant to a request by the prosecutor, the trial court deferred further proceedings until after the trials of appellant's alleged co-conspirators.

On December 27, 1971—prior to the degree of guilt hearing and before sentence—appellant obtained new counsel and filed a petition to withdraw his guilty plea. He asserted in his petition that "[a]t the time these pleas of guilty were entered, [he] was taking the advice of counsel, Herbert G. Hardin, Esq. and was not, in fact, guilty of any of these offenses." A hearing on the petition was held December 30 and 31, 1971 and on March 14, 1972, the court denied appellant's withdrawal petition.

Subsequently, a hearing was held in accordance with Pa. R. Crim. P. 319A to determine whether "the case may constitute murder in the first degree." Having determined that such a case had been established, the court convened a three judge panel which adjudged appellant guilty of first degree murder. On September 26, 1972, appellant was sentenced to life imprisonment on the murder bill, ten to twenty years imprisonment on the aggravated robbery charge and one to three years imprisonment on the conspiracy count, all sentences to run concurrently.[1]

On this direct appeal, appellant contends[2] that the trial court erred in denying his plea withdrawal request—made prior to the degree of guilt hearing and, thus, prior to imposition of sentence. We agree and, therefore, reverse.

In *Commonwealth v. Forbes*, 450 Pa. 185, 190-91, 299 A. 2d 268, 271 (1973), we said: "Although there is

---

[1] Other bills charging larceny and burglary were nol prossed.

[2] Appellant also alleges that his guilty plea was not knowingly and voluntarily entered. However, in view of our disposition, we need not reach this issue.

no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made *before* sentencing—here, that request was made at even an earlier stage—should be liberally allowed. See United States ex rel. Culbreath v. Rundle, 466 F. 2d 730 (3d Cir. 1972); United States v. Young, 424 F. 2d 1276 (3d Cir. 1970); United States v. Stayton, 408 F. 2d 559 (3d Cir. 1969); Pa. R. Crim. P. 320; ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §2.1 (Approved Draft, 1968); Note, Pre-Sentence Withdrawal of Guilty Pleas in Federal Courts, 40 N.Y.U. L. Rev. 759 (1965). In United States ex rel. Culbreath v. Rundle, supra, the Third Circuit stated: 'It has been recognized under Pennsylvania and Federal law that a trial judge has discretion to refuse a request to retract a plea of guilty since there is no absolute right to withdraw such a plea. *However, a request made before sentencing has been generally construed liberally in favor of the accused.'* Id. at 732 (emphasis added) (footnotes omitted).

"The ABA Standards are in complete harmony with this view. The standards state: '(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. *Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.'* ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §2.1(b) (Approved Draft, 1968). See also Commonwealth v. Neely, 449 Pa. 3, 4, 295 A. 2d 75, 76 (1972) (ROBERTS, J., concurring opinion)."

Again in *Commonwealth v. Santos,* 450 Pa. 492, 494, 301 A. 2d 829, 830 (1973), we stated: "We agree with the Commonwealth's general proposition that the grant or refusal of an application for leave to withdraw a guilty plea is within the sound discretion of the trial court. See Commonwealth v. Culbreath, 439 Pa. 21, 264 A. 2d 643 (1970); Commonwealth v. Scoleri, 415 Pa. 218, 202 A. 2d 521 (1964). *However, since guilty pleas involve the simultaneous waiver of so many constitutional rights, we have recently emphasized 'that a request [to withdraw] made before sentencing . . . should be liberally allowed.'* Commonwealth v. Forbes, 450 Pa. 185, 190, 299 A. 2d 268, 271 (1973)." (Emphasis added) (Footnote omitted.) Cf. *Commonwealth v. Starr,* 450 Pa. 485, 490 n.5, 301 A. 2d 592, 595 n.5 (1973).

Here, it must be concluded that the trial court abused its discretion in failing to "liberally" allow withdrawal of appellant's pleas of guilty.[3] Appellant stated, as the basis for his withdrawal request—made nine months before adjudication and imposition of sentence

---

[3] Appellant explained that he initially pleaded guilty because, "I wanted to hurry up so I can go home, because Mr. Hardin [appellant's counsel when the plea was entered] say he going to get me out of here, plus the D.A. had the piece of paper, the recommendation for early parole and all this, and I just wanted to get out." We do not decide whether—on this record—Mr. Hardin encroached upon appellant's right to decide what plea to enter. However, as we said in *Commonwealth v. Forbes,* 450 Pa. 185, 189, 299 A. 2d 268, 270-71 (1973): "What plea to enter is a decision which must be made voluntarily and intelligently, *by the accused.* See Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969); McCarthy v. United States, 394 U.S. 459, 89 S. Ct. 1166 (1969); ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function §5.2(a) (Approved Draft, 1971). Comment, Criminal Waiver: The Requirements of Personal Participation, Competence and Legitimate State Interest, 54 Cal. L. Rev. 1262, 1267-68 (1966)." (Emphasis in original.) (Footnote omitted.)

—that "at no time was he guilty of any of these offenses." At the hearing on the withdrawal petition, appellant testified: "Q. Were you involved in any of these burglaries at the time, or this larceny, or this murder? A. I didn't have nothing to do with the burglary. Q. How about the homicide, the murder? A. I had nothing to do with that. THE COURT: Were you there? BY MR. ALESSANDRONI: Q. Were you present when it happened? A. I wasn't there when that happened. I didn't see nobody. I wasn't there."

The Court's conclusion in *Commonwealth v. Forbes,* supra at 192, 299 A. 2d at 272, is equally applicable here: "Obviously, appellant, by this assertion of innocence—so early in the proceeding—offered a 'fair and just' reason for withdrawal of his plea. Moreover, on this record there is not even the slightest suggestion that the prosecution was in any sense 'substantially prejudiced by reliance upon the defendant's plea.' ABA Standards Relating to Pleas of Guilty, supra."

Judgment of sentence reversed and a new trial granted.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.

Mr. Justice EAGEN dissents.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

As the opinion of the Court shows, our rules and recent decisions indicate the following standards with regard to the withdrawal of guilty pleas before sentence has been entered:

1. Whether or not to grant such a request to withdraw is within the sound discretion of the trial judge. Pa. R. Crim. P. 320.

2. This discretion should be liberally exercised in favor of allowing withdrawal; i.e., the request should

be allowed "for any fair and just reason", but not if the prosecution has been "substantially prejudiced by reliance upon the plea." *Commonwealth v. Forbes,* 450 Pa. 185, 299 A. 2d 268 (1973).

In the case at bar, the guilty plea originally tendered by the defendant was accepted only after an exhaustive colloquy conducted by the Hon. John J. Mc-Devitt, the trial judge. An examination of the notes of that hearing demonstrates that the judge was most careful in satisfying himself that the plea was made voluntarily and with full knowledge of what was entailed, and that there was a factual basis for it.

After the petition for leave to withdraw was filed, some 18 months later, the same judge held a two-day hearing before concluding to deny the request. In his memorandum opinion and supplemental memorandum in support of his order denying the request, Judge Mc-Devitt reviewed the testimony at both hearings and explained the reasons for his decision:

"Defendant signed a detailed nine page statement on December 14, 1969 witnessed by his attorney, Herbert G. Hardin, Esquire, and Detective Preston Scott. Later, defendant decided to withdraw his guilty plea, repudiated his confession, discharged his attorney and hired another attorney. He thereafter maintained that he was not part of the conspiracy and that he did not participate in the killing of Sonia Rosenbaum. In effect, defendant's position is that Detective Scott and Herbert G. Hardin, Esquire, fabricated the story he told in his confession and that he had been "programmed" by his attorney to make certain responses at the initial hearing to determine the voluntariness of his confession.

"This position seems to be entirely preposterous in the light of Herbert G. Hardin's long experience with criminal cases, the solid circumstantial evidence avail-

able to the police, and the consistency of this evidence with the detailed confession.

"In addition, Woods' later testimony is replete with inconsistencies and unexplained damaging admissions which make his testimony completely unworthy of belief. No credible evidence was presented at any of the subsequent hearings to indicate that defendant was denied any constitutional rights, did not know what he had done or had not participated in the crime.

"Therefore, the Court's initial determination that the confession was voluntarily, intelligently and knowingly made is unchanged."

It is obvious that the trial court felt that the defendant's about-face was unjustified and incredible. As he stated in his first opinion, "[W]here a defendant alleges that he did not enter his guilty plea knowingly the matter is one of credibility and the Hearing Judge may refuse to believe the defendant's version of what happened. Commonwealth v. Cushnie, 433 Pa. 131 (1969)."

I have favored the recognition that we have now made of the distinction between pre-sentence and post-sentence plea withdrawals, and of the rule that at the pre-sentence stage, the discretion of the trial court should be liberally exercised in favor of permitting the change in plea to be made. See *Commonwealth v. Culbreath,* 439 Pa. 21, 264 A. 2d 643 (1970) (dissenting opinion of Justice ROBERTS, joined by this writer). It seems to me, however, that if we really mean that the trial court has discretion in deciding whether or not to permit withdrawal of a plea, we must uphold the exercise of it in this case. If we mean that "any fair and just reason" will support a withdrawal (provided no substantial prejudice to the Commonwealth), that must mean something other than a complete retraction of everything the defendant had previously stated under

554

oath in response to meticulous questioning. I find it difficult to accept as a fair and just reason what to the hearing court was obviously a cock-and-bull story. If the mere *desire* to change a plea is a fair and just reason, then a plea change becomes an absolute right (again, absent substantial prejudice to the prosecution) and we should declare it as such rather than talk in terms of discretion.

Finally, I point out that the ruling of the lower court here complained of was entered prior to our decision in *Commonwealth v. Forbes,* supra, decided January 19, 1973. If *Forbes* in effect changed the law to say that a belated protestation of innocence is, by itself, reason to allow a change of plea, then it should not be applied retroactively, as the Court appears here to do.

For the foregoing reasons, I dissent.