J-A04036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | | |
| v. | | |
| JOHN JOEL RALSTON, | | |
| Appellant | | No. 424 WDA 2015 |

Appeal from the Judgment of Sentence September 15, 2014
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000083-2014

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | | |
| v. | | |
| JOHN JOEL RALSTON, | | |
| Appellant | | No. 425 WDA 2015 |

Appeal from the Judgment of Sentence September 15, 2014
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000022-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and SHOGAN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 3, 2016**

John Joel Ralston, Appellant, appeals from the judgments of sentence entered on September 15, 2014, in the Court of Common Pleas of Clearfield County.  We affirm.

On December 18, 2013, Appellant was charged with ten counts of statutory sexual assault, Felony 1; ten counts of involuntary deviate sexual intercourse, Felony 1; ten counts of corruption of minors, Felony 3; ten counts of indecent assault, Misdemeanor 2; and eleven counts of selling or furnishing liquor or malt or brewed beverages to minor, Misdemeanor 3, at docket CP-17-CR-022-2014. These charges stemmed from Appellant's practice of having several juvenile boys visit his camp in Clearfield County, where Appellant would provide the boys with alcoholic beverages and have sexual contact with them. The charges involved occurred between June 1, 2010 and August 30, 2013.

On January 7, 2014, Appellant was charged with indecent assault–person less than thirteen years of age, Misdemeanor 1, at docket CP-17-CR-083-2014. This charge stemmed from Appellant's alleged sexual misconduct with a minor between February 1, 2013, and March 31, 2013.

After selecting a jury on April 17, 2014, Appellant filed a motion to continue trial/leave to file a *nunc pro tunc* pretrial suppression motion on April 29, 2014. On the same date, the motion was denied.

On April 30, 2014, the day before trial was scheduled to commence, Appellant entered an open plea to all charges at both docket numbers. On May 30, 2014, Appellant filed a petition to withdraw his plea. The trial court denied this petition on June 24, 2014.

Following an assessment hearing at which he was found to be a sexually violent predator, Appellant was sentenced on September 15, 2014, to an aggregate term of incarceration of forty to eighty years. On September 25, 2014, Appellant filed post-sentence motions at both dockets. A hearing on those motions took place on December 22, 2014, and the trial court denied those motions by order dated February 10, 2015, and entered February 11, 2015. Appellant filed his notice of appeal on March 10, 2015. Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement, and the trial court filed a Pa.R.A.P. 1925(a) opinion. On May 4, 2015, this Court *sua sponte* consolidated the matters.

Appellant presents the following issues for our review:

I. Whether the trial court erred by denying Appellant's motion to continue/leave to file *nunc pro tunc* pretrial suppression motion.

II. Whether the lower court erred in denying Appellant's petition to withdraw plea.

III. Whether trial counsel provided Appellant ineffective assistance of counsel, where trial counsel did not thoroughly review evidence in the case, and did not file timely pretrial suppression motion.

Appellant's Brief at 4.

In his first issue, Appellant argues that the trial court erred in denying his motion to continue/leave to file *nunc pro tunc* pretrial suppression motion. Appellant's Brief at 14. Appellant contends that three separate attorneys in the Public Defender's office handled his case prior to Attorney

Mike Marshall being assigned. *Id.* After Attorney Marshall was assigned the case, counsel filed the motion, asserting that: counsel had received this case assignment "late"; counsel had a reasonable belief that suppression should have been timely sought; counsel failed to timely seek suppression; and counsel did not have sufficient time to prepare for trial through interview of witnesses. *Id.* at 14-15. Appellant asserts that the trial court denied the motion on the basis that the case had been previously continued, and Attorney Marshall failed to apprise the trial court of any reason to grant leave to file a *nunc pro tunc* motion. *Id.* at 16. However, Appellant maintains, the reasonable basis for suppression of the confession was stated in the motion. *Id.* Thus, it is Appellant's position that the trial court abused its discretion in denying his motion because Appellant's request was reasonable and "should not have been disregarded for mere expeditiousness." *Id.* at 16-17.

We are unable to reach the merits of Appellant's claim because he has waived this issue. As this Court has explained:

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008).

> Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him. *Boykin v. Alabama*, 395 U.S. 238, 89

- 4 -

S.Ct. 1709, 23 L.Ed.2d 274 (1969) (knowing and voluntary guilty plea waives privilege against self-incrimination, right to jury trial, and right to confront one's accusers). Furthermore, a defendant is permitted to waive fundamental constitutional protections in situations involving far less protection of the defendant than that presented herein. [**See**, **e.g.**], **Peretz v. United States**, 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) ([stating:] "The most basic rights of criminal defendants are ... subject to waiver"); **Johnson v. Zerbst**, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ([stating] sixth amendment right to counsel may be waived).

**Commonwealth v. Byrne**, 833 A.2d 729, 735–36 (Pa.Super.2003).

**Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013).

Appellant's claim does not challenge the court's jurisdiction. Furthermore, Appellant's stated issue does not pertain to the legality of his sentence or the validity of his plea. Accordingly, Appellant has waived his right to raise this claim on direct appeal.

In his second issue, Appellant argues that the trial court erred in denying his petition to withdraw his plea. Appellant's Brief at 17. Appellant entered his open plea on April 30, 2014, and filed his petition to withdraw his guilty plea on May 30, 2014, prior to his sentencing on September 15, 2014. **Id.** Appellant asserts that he had a fair and just reason to withdraw his plea; specifically, that he "wanted to assert his right to go to trial." **Id.** at 20. Appellant contends that his desire to proceed to trial was based on his determination that there "was a credibility issue with one of the

- 5 -

witnesses in this matter." *Id.* at 17. Appellant maintains that the trial court abused its discretion in denying Appellant's petition to withdraw his plea and as a result, this matter should be remanded to the trial court for a new trial. *Id.* at 20.

We first note that Appellant's claim does not constitute a challenge to the validity of his plea. Appellant does not assert that he is innocent, nor does he allege that his plea was entered involuntarily, unknowingly or unintelligently. Instead, he contends that he sought to withdraw his plea because he wished to proceed to trial. Because Appellant is not challenging the validity of his plea, this claim is waived. *See Lincoln*, 72 A.3d at 609 (holding that "[s]ettled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea.").

Moreover, to the extent that Appellant's argument could be construed to challenge the validity of his guilty plea, we conclude that Appellant would be entitled to no relief. When a motion to withdraw a plea is made prior to sentencing, the motion should be granted where the defendant has offered a "fair and just reason." *Commonwealth v. Tennison*, 969 A.2d 572, 576 (Pa. Super. 2009) (citing *Commonwealth v. Forbes*, 299 A.2d 268 (Pa. 1973) and *Commonwealth v. Randolph*, 718 A.2d 1242 (Pa. 1998)).

Our Supreme Court has set forth the relevant law on this matter:

There is a clear distinction between requests to withdraw a guilty plea made prior to sentencing and those that are made after sentencing. In our seminal decision of ***Commonwealth v. Forbes***, 450 Pa. 185, 299 A.2d 268 (1973), we set forth the parameters for determining when, as here, a request to withdraw a guilty plea made prior to sentencing should be granted. We stated that "although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing … should be liberally allowed."

In ***Forbes***, the appellant pled guilty to various crimes stemming from an assault and robbery of the victim in her home, which resulted in her death. An on-the-record colloquy was conducted prior to the court's entrance of appellant's pleas. Having concluded that the pleas were made "voluntarily and understandingly," the court concluded that the evidence presented revealed that a case of first degree murder had been made out. The court deferred further ruling on the matter until a three-judge panel could be convened.

On the day of the scheduled hearing before the three judge panel, appellant stated that he wished to withdraw his guilty pleas because he did not "want to plead guilty to nothing [he] didn't do." Appellant later abandoned this request, but it became clear that his decision was based upon defense counsel's threat to withdraw from the case. The court nevertheless proceeded to sentence appellant to life imprisonment based upon a finding that appellant was guilty of first degree murder.

The appellant in ***Forbes*** asserted that the court erred in failing to permit him to withdraw his guilty pleas made pursuant to his original request and prior to sentencing, once it became clear that he abandoned this request based on his counsel's coercion. We agreed and found the appellant's withdrawal of his original request to be invalid. In reversing the judgment of sentence and granting a new trial, we again stated that "a request [to withdraw] made before sentencing has been generally construed liberally in favor of the accused." We then set forth the following test regarding when such a request should be permitted:

> [I]n determining whether to grant a presentence motion for withdrawal of a guilty plea,

> "the test to be applied by the trial courts is fairness and justice." If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution had been "substantially prejudiced."

> Applying this test to the facts of **Forbes**, we held that the trial court should have allowed withdrawal of appellant's guilty pleas. We noted that the basis for the appellant's requested withdrawal was that he did not "want to plead guilty to nothing [he] didn't do." Accordingly, we found that

>> appellant, by this assertion of innocence-so early in the proceedings-offered a "fair and just" reason for withdrawal of his plea. Moreover, on this record there is not even the slightest suggestion that the prosecution was in any sense "substantially prejudiced by reliance upon the defendant's plea."

**Randolph**, 718 A.2d at 1244 (Pa. 1998) (some citations omitted).

Recently, in **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), our Supreme Court re-examined the test set forth in **Forbes**.

> [T]his Court's **Forbes** decision reflects that: there is no absolute right to withdraw a guilty plea;[8] trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth. **See Forbes**, 450 Pa. at 190–91, 299 A.2d at 271. The perfunctory fashion in which these principles were applied to the circumstances presented in **Forbes**, … lent the impression that this Court had required acceptance of a bare assertion of innocence as a fair and-just reason. **See, e.g., Forbes**, 450 Pa. at 192, 299 A.2d at 272 ("Obviously, [the] appellant, by [his] assertion of innocence—so early in the proceedings[, i.e., one month after the initial tender of a plea,]—offered a 'fair and just' reason for withdrawal of the plea.").

>> [8] A guilty plea implicates the waiver of important constitutional rights attending a defendant's trial

- 8 -

rights. *See, e.g., Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468–69, 25 L.Ed.2d 747 (1970) (explaining that a "plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge"); *Commonwealth v. Culbreath*, 439 Pa. 21, 26, 264 A.2d 643, 645 (1970) (observing that, by pleading guilty, a defendant waives non-jurisdictional defects and defenses).

\*\*\*

As with other such bright-line rules, however, the principle is subject to the axiom that the holding of a decision is to be determined according to the facts under consideration … and continuing evaluation as experience with new fact patterns offers further insight into the wisdom of a *per se* approach. Indeed, we recently observed, that, "for better or for worse, the experience with broadly stated prophylactic rules often has been that they cannot be sustained on their original terms." *Commonwealth v. Henderson*, 616 Pa. 277, 287, 47 A.3d 797, 803 (2012).

Presently, we are persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Carrasquillo*, 115 A.3d at 1291-1292 (some citations omitted).

Here, Appellant does not assert his innocence.[1] Nor does Appellant posit that his plea was involuntarily, unknowingly, or unintelligently entered. Instead, Appellant asserts that he wished to withdraw his guilty plea in order to proceed with trial. However, by the very nature of a plea, Appellant decided to waive his right to a trial at the time he entered his plea. Moreover, Appellant was explicitly advised of his waiver of this right during the oral and written colloquies. N.T., 4/30/14, at 10; Negotiated plea agreement and guilty plea colloquy, 4/30/14, at 3.

Additionally, we note that Appellant's stated reason for changing his mind about proceeding to trial was based upon his bald assertion that there was a credibility issue with one of the witnesses. In addressing Appellant's claim, the trial court stated the following:

> [Appellant] contends that he should have been granted the opportunity to withdraw his guilty plea because the credibility of one of the witnesses against him was called into question. Of course, the issue of credibility goes to the weight the fact finder will give that witness's testimony. It does not impact the nature of [Appellant's] plea. At its essence, [Appellant's] argument is that he would have been in a better bargaining position with respect to the plea bargaining process if he had known about the potential credibility issue of one of the witness's against him. The [c]ourt does not find this to be a valid reason to permit [Appellant] to withdraw his guilty plea.

Trial Court Opinion, 5/8/15, at 7-8.

_____

[1] Indeed, in addressing the distinction between this case and another in which the appellant had asserted his actual innocence in his brief, Appellant states: "Presumably, we do not have that case here." Appellant's Brief at 20.

We agree with the trial court's conclusion that the reasons offered by Appellant did not amount to a fair and just reason to withdraw his guilty plea. The reasons offered appear to amount to no more than buyer's remorse and an attempt to delay the inevitable. *See Commonwealth v. Dorian*, 460 A.2d 1121, 1123 (Pa. Super. 1983) (holding that a request to withdraw a pre-sentence plea not on the grounds of actual innocence, but instead based upon Appellant's thought after discussion with fellow inmates that he had a "possible defense," did not constitute a fair and just reason for withdrawal of his guilty plea). Thus, we affirm the order of the trial court denying Appellant's pre-sentence motion to withdraw his guilty plea.

In his third issue, Appellant argues that trial counsel was ineffective for failing to properly review evidence in preparation for trial, for failing to timely file a pretrial suppression motion and for failing to timely continue Appellant's trial. Appellant's Brief at 21. Appellant further contends that the underlying claims are of arguable merit, there is no reasonable explanation for counsel's actions or inactions, and Appellant clearly suffered prejudice due to these actions or inactions. *Id.* at 24-25. Accordingly, Appellant asserts the case should be remanded to the trial court for a new trial. *Id.* at 25.

Due to the procedural posture of this matter, Appellant's issue is not properly before our Court. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reiterated the holding from *Commonwealth*

- 11 -

*v. Grant*, 813 A.2d 726 (Pa. 2002), and stated that generally, "claims of ineffective assistance of counsel are to be deferred to PCRA[2] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." *Holmes*, 79 A.3d at 576. The *Holmes* Court, however, recognized two exceptions to the general rule whereby claims of ineffective assistance of counsel could be raised on direct appeal: (1) where the trial court determines that a claim of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted; or (2) where the trial court finds good cause for unitary review, and the defendant makes a knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. *Id.* at 564, 577.

In this case, Appellant raised the issues of ineffective assistance of counsel in his post-sentence motion. A hearing on the post-sentence motion was held on December 22, 2014. As noted by the trial court: "A hearing was held regarding [Appellant's] ineffective assistance of counsel claim; and the [c]ourt found the claim to be without merit. Simply put, [Appellant] did not meet his burden of proof regarding his claim of ineffective assistance of

---

[2] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.

counsel." Trial Court Opinion, 5/8/15, at 9-10. Furthermore, our review of the record has failed to reveal an express waiver of Appellant's right to pursue PCRA review, and Appellant has not identified any on-the-record express waiver.

Thus, Appellant did not satisfy either of the aforementioned exceptions. The trial court did not conclude that Appellant's claim of ineffectiveness is meritorious and apparent from the record necessitating immediate consideration, and Appellant has not expressly waived his right to pursue PCRA review. Accordingly, we dismiss this claim without prejudice to Appellant's right to seek collateral review under the PCRA.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016